## H. E. Buchanan et ux v. J. H. Rose.

No. 7763. Decided February 4, 1942.
Rehearing overruled March 4, 1942.
(159 S. W., 2d Series, 109.)

*J. W. Ragsdale*, of Victoria, *Calvin B. Garwood* and *J. D. O'Bryant*, both of Houston, for plaintiffs in error.

*Wood, Morrow, Gresham & McQuodale* and *Newton Gresham*, all of Houston, for defendant in error.

Mr. Chief Justice Alexander delivered the opinion of the Court.

This is a suit for damages for personal injuries. It presents the question whether one who drives over a bridge on a public road and thereafter discovers that such bridge, because of its defective condition, has broken down under the weight of his vehicle, without negligence on his part, is under any duty to give warning so as to prevent other travelers from being injured as a result of the broken bridge.

According to the testimony most favorable to the plaintiffs, when the defendant's truck, driven by defendant's employee,

passed over the bridge in question the rear wheels crushed the bridge, causing it to press down at one end below the embankment and thereby become dangerous to traffic. A witness who was traveling in an automobile a short distance behind the truck by carefully driving was able to cross the bridge and overtake the truck a short distance down the road. He informed the driver that the truck had broken the bridge and asked if he was not going to put up warnings to prevent others from being injured. The driver said that he did not have time, and drove on. Six days later the plaintiffs, Buchanan and wife, while driving along the road, and without negligence on their part, ran onto the broken bridge, and Mrs. Buchanan was severely injured. The road was a graded county road near the village of Fordtram, in Victoria County.

It is conceded that the truck was not overloaded and that neither the defendant nor the driver of the truck was negligent in any manner which caused the bridge to break down. The only negligence relied on is the failure to put up warnings to protect other travelers from being injured as a result of the broken bridge. The jury found that the defendant was negligent, and the trial court rendered judgment for the plaintiffs. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the defendant. 140 S. W. (2d) 203.

We have encountered much difficulty in deciding the question here presented. It is a well-understood rule that negligence is the doing of that which an ordinary prudent person would not have done under the same or similar circumstances, or the failure to do that which an ordinarily prudent person would have done under the same or similar circumstances. Here we are not concerned with any supposed negligence on the part of the defendant in doing something which he should not have done, for it is conceded that he was not negligent in breaking the bridge down. If the driver of the truck was negligent at all, it was because of his failure to do something—to give warning of the broken bridge. Before we can determine whether he was negligent in failing to give warning, we must first decide whether he owed the legal duty to do so.

There are many instances in which it may be said, as a matter of law, that there is a duty to do something, and in others it may be said, as a matter of law, that there is no such duty. Using familiar illustrations, it may be said generally, on the one hand, that if a party *negligently* creates a dangerous situ-

ation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby. On the other hand, it may be said generally, as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others. Under the last rule, a bystander may watch a blind man or a child walk over a precipice, and yet he is not required to give warning. He may stand on the bank of a stream and see a man drowning, and although he holds in his hand a rope that could be used to rescue the man, yet he is not required to give assistance. He may owe a moral duty to warn the blind man or to assist the drowning man, but being a mere bystander, and in nowise responsible for the dangerous situation, he owes no legal duty to render assistance.

We think it may also be said that if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences. To illustrate: One who in the exercise of a lawful right, and without negligence on his part, makes an excavation across a street or sidewalk or on his premises in close proximity to a public way, or parks a vehicle in a road, or otherwise obstructs the road with a foreign substance, is bound to give warning of the danger created thereby. Kampmann v. Roth-well, 101 Texas 535, 109 S. W. 1089; Roper v. Greenspon, 272 Mo. 288, 198 S. W. 1107; Buesching v. St. Louis Gaslight Co., 73 Mo. 219, 39 Am. Rep. 503.

Likewise, it has been held that one who, without negligence, strikes a trolley pole with his automobile and causes it to fall across the road is liable for failure to protect others from injury thereby. Simonsen v. Thorin, 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000.

It will be noted, however, that in each of the above instances the defendant by his own act *created* the dangerous situation. In the case at bar, it is hardly fair to say that the defendant's agent created the dangerous situation. The bridge was already in a defective condition. It was insufficient in strength to carry

a normal load. It merely gave way as the result of the usual and legitimate use of the road. It fell as a result of its own inherent defects. Defendant was merely the victim of a defective condition that already existed. It would be carrying the matter too far to say that one must give notice of every known defect in a road naturally resulting from his normal and legitimate use thereof. To so hold would make the use of the highways too hazardous from the standpoint of public liability.

In the case of Grapotte v. Adams, 130 Texas 587, 111 S. W. (2d) 690, this Court had before it a case in which the defendant's cars and those of his customers in the usual and normal use of a driveway over a sidewalk in entering defendant's garage had worn a hole in the sidewalk, which resulted in an injury to the plaintiff while she was using the sidewalk as a pedestrian. This Court held that the defendant as the lessee of the garage abutting upon the sidewalk, who under the law was not required to keep the sidewalk in repair, was not liable to the injured pedestrian where the hole in the sidewalk had been made dangerous by the lessee and his customers as the natural result of the normal and lawful use of the driveway as a means of access to the garage.

After a most careful consideration, we have concluded that the Court of Civil Appeals was correct in holding that the defendant and his employee were under no duty to give warning of the defect in the bridge.

The judgment of the Court of Civil Appeals, reversing the judgment of the trial court and rendering judgment for the defendant, is affirmed.

Opinion delivered February 4, 1942.

Rehearing overruled March 4, 1942.