CAPITAL AGGREGATES, INC., Appellant,

v.

Jerry Wayne LUCAS, Appellee.

No. 11922.

Court of Civil Appeals of Texas,
Austin.

May 17, 1972.

Groce, Locke & Hebdon, James D. Guess, San Antonio, for appellant.

M. N. Garcia, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee Jerry Wayne Lucas filed suit against appellant Capital Aggregates, Inc., and ten other defendants including Mr. J. R. Mata and Tejas, Inc.

Appellant Capital Aggregates, Inc., timely filed its plea of privilege claiming its right to be sued in the county of its residence, Bexar County. The plea was overruled, hence this appeal.

We reverse the judgment of the trial court and remand the cause for retrial.

Appellee plaintiff's petition alleged that he was injured when a building on which he was working partially collapsed, that the collapse was proximately caused by the negligence of each of the defendants in the planning, construction, or supplying of faulty or improper materials for the building, and that each of the defendants, individually or jointly had the exclusive control, care or management of the building and over the manner by which the building was being constructed. Appellee prayed for damages of $100,000 against defendants, individually and jointly.

Capital Aggregates, Inc., maintains a branch office and manager in Travis County through whom concrete was sold to Tejas, Inc., engaged in constructing the building where the accident occurred. Appellee contended that Capital Aggregates, Inc., supplied a type of concrete much heavier than the type called for.

In his brief, the appellee relies on Subdivisions 4, 9a, and 23 of Tex.Rev.Civ.Stat. Ann. art. 1995 (1964) as exceptions to the general venue rule.

■ Under Subdivision 4, a cause of action must be proved against a resident defendant in which the nonresident defendant is properly joined. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S. W.2d 1300 (1936). The appellee alleges a cause of action against J. R. Mata, a resident of Travis County, for Mata's failure to give timely warning to the appellee, who was working on the second floor cleaning the hose that had pumped concrete to that level. Mata speaks Spanish, as well as English, and gave warning to his associates in Spanish. The appellee urges that Mata was under a duty to give warning to him in English. No relationship was shown between Mata and the appellee except that they were at the job site at the same time, and were both hired by Tejas, Inc. No cause of action was stated nor proved against Mata. Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109 (1942); see also McKelvy v. Barber, 381 S.W.2d 59 (Tex. 1964); Annot. 21 A.L.R.3d 845 (1968).

■ The appellee also alleges a cause of action against Tejas, Inc., but the proof before the court below merely shows that Tejas, Inc., hired the appellee and that he was injured on that work. No cause of action is shown against Tejas, Inc., or any other resident defendant.

■ For Capital Aggregates, Inc., to be held in Travis County under Subdivision 9a, an act or omission of negligence, occurring in the county where suit was filed, must be shown to be that of Capital Aggregates or its servant. The only fact that was proved involving Capital Aggregates, Inc., was that it "supplied or brought the concrete out there that day." This act by itself is not an act of omission or negligence. It was alleged that the concrete was the wrong type and was, therefore, the cause of the plaintiff's injuries. In the entire record, there is no showing that the type of concrete used was Capital Aggregates, Inc.'s responsibility or that the "wrong" concrete was a factual cause of the accident. Reynolds & Huff v. White, 378 S.W.2d 923 (Tex.Civ.App.1964, no writ).

■■ Subdivision 23, pertaining to corporations and associations, has several independent parts where venue may be shown proper. Without discussing the subdivision extensively, we find that proof was not made that satisfies any of the possible bases. Since all such matters of fact must be proven by affirmative evidence upon a hearing of the plea of privilege, and the allegations in neither the petition nor the controverting affidavit can be considered as evidence of the truth thereof," Commercial Standard Ins. Co. v. Lowrie, 49 S.W.2d 933 (Tex.Civ.App.1932, err. ref'd), the record fails to show evidence to deny the defendant's plea of privilege. The principal office of Capital Aggregates. Inc., was not

shown to have been in Travis County. No cause of action was shown to have arisen in Travis County. The residence of the plaintiff was not shown.

We can find no other subdivision of Article 1995, V.A.T.S. by which venue may be held in Travis County under the facts as proved, but we determine that the facts of the cause are not yet fully developed. "If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from." Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948).

The judgment of the trial court is reversed and the cause is remanded for a new trial.