Henry ABALOS, Appellant,

v.

OIL DEVELOPMENT COMPANY OF TEXAS, Subsidiary of Santa Fe Railroad, Appellee.

No. 8300.

Court of Civil Appeals of Texas, Amarillo.

Feb. 20, 1973.

Rehearing Denied March 12, 1973.

Warren Burnett, Associated, Bob Hoblit, Odessa, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, S. Tom Morris, Amarillo, for appellee.

JOY, Justice.

This is an appeal from a summary judgment granted against Henry Abalos in favor of the defendant Oil Development Company of Texas. Reversed and remanded.

Abalos was employed by Ruthco, a company engaged in the business of manufacturing and installing portable cement bases for oil field pumping units. In the process of installation, a hole is excavated in the ground larger than the cement base. The base is then placed in the hole and the pumping unit attached to the base. A sufficient amount of the dirt removed is then returned to the space around the base in order to make level the base with the surrounding ground. Customarily, the pumping crew is then permitted to operate the pumping unit during the dirt backfilling operation. Curtis Morgan, the pumper employed by Oil Development Company of Texas, started the equipment and Abalos proceeded to shovel the dirt in the open space around the base of the unit. A part of the pumping unit on the base consisted of weights that traveled in a circular motion making from eight to ten revolutions per minute. While Abalos was packing the dirt around the base of the unit with his foot or feet, he raised one hand up in a balancing motion with his arm in close proximity to the revolving weights, resulting in Abalos' injuries. Morgan, appellee's employee, saw the arm in a dangerous position and realized that Abalos might be injured. Morgan also thought of stopping the motor but took no immediate action to do so, and when asked why he did not yell at Abalos, he said he "just didn't know why."

This being a summary judgment case, the burden is upon the movant to clearly demonstrate that no genuine issue of a material fact exists. We do not think that the movant has met that burden. Appellee's employee admittedly had from 6 to 7½ seconds to warn Abalos of the danger or to stop the pumping unit to avoid the injury to Abalos. This raises a question of fact for determination as to whether or not appellee's employee, in the light of these particular circumstances, had sufficient time to take action to prevent the injury to Abalos when he discovered him in the dangerous position.

Appellee argues very ably that as a matter of law no duty was owed by appellee to warn Abalos. However, we quote from the Supreme Court case of Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963) relied upon by appellee:

". . . Moreover, the jury may be called upon to find whether he had knowledge of particular facts from which he would be charged with knowledge or appreciation of the danger."

Although the question of duty is one of law, in this case the movant has not established as a matter of law that no duty existed. The fact issue exists as to the essential element of actual control of the operation of the pumping unit, this issue having a direct bearing upon the ultimate issue of duty. From a careful review of the

summary judgment evidence, we cannot hold as a matter of law that no duty existed.

The judgment is reversed and the cause remanded for trial.

REYNOLDS, Justice (dissenting).

Concluding that the trial court's summary disposition of the declared cause of action was correct, I respectfully enter this dissent.

Plaintiff Henry Abalos asserted against defendant Oil Development Company of Texas his right to recover damages, by application of the doctrine of discovered peril among other allegations, for accidental injuries sustained in an unaware work position of peril discovered by defendant's employee, who, with the time and means to prevent the accident, made no attempt at preventive action. Defendant moved for summary judgment, and assumed the burden to prove as a matter of law with respect to Abalos' alleged cause of action that no legal duty existed on its part to Abalos. The summary judgment motion was granted, and Abalos complains here only of the summary judgment disposition of his discovered peril cause of action. I suggest that the summary judgment proof discloses defendant has properly discharged its burden and that summary judgment for the defendant was proper.

Defendant employed Ruthco Company to move and reset some pumping units on an oil lease owned by defendant. Ruthco's crew, consisting of a foreman, Abalos, who had nine years experience in the work, and three other employees of Ruthco, entered on defendant's lease and commenced the work. The work was under the entire control of Ruthco's crew, and no employee of defendant had any control, direction or supervision of the work. Thereafter, Curtis Ray Morgan, employed as a pumper by defendant, arrived at the work site where Ruthco's crew was in the process of level-ing a reset pump, completing the hook-up and dirt filling the excavated area around the pump base. In order for the foreman to determine whether the pump base was properly set and level for operation, he requested Morgan to start the pump motor. By deposition, Ruthco's foreman testified that if a pumper is present he is requested to start the motor because he knows more about it; that if Morgan had said he could not or would not start the motor, he, the foreman, would have tried to start it. When asked his action if Morgan had refused to start the motor because the crew would be working close to the unit, the foreman stated that he ". . . would have called the office and told them they wouldn't start the engine, we just have to leave her down." Abalos' deposition testimony was that the pump needed to be run to be sure the base was level before the dirt was filled in around the pump base, but that they were not supposed to be working around the unit while it was operating because it was dangerous. Abalos heard the request made by the foreman to Morgan and told the foreman "not to start it up . . . because we could get hurt real easy."

Pursuant to the foreman's request, Morgan started the motor and the crew, including Abalos, shoveled dirt around the pump base. Morgan was preparing to leave and Ruthco's foreman told him to leave the motor running. After the pump had been operated for four to ten minutes, Morgan, from a distance of twenty-five feet, saw that Abalos, who was tamping the dirt with his foot, had his left arm raised in a position to be caught in the revolving part of the machinery. Morgan thought the arm position was dangerous, and it was his further thought to turn the machinery off; nevertheless, in the estimated seven seconds time before the accident, Morgan did not give any warning or turn the motor off. Abalos' arm was caught in the revolving machinery, resulting in the complained of injuries. Morgan then shut the unit down.

The majority opinion declares that whether the defendant owed a duty to Abalos is dependent upon an unresolved fact issue of control of the pumping unit. Under the existent circumstances, if there was a duty owed by defendant to Abalos, it was the duty of Morgan, arising when he discovered Abalos' perilous position, to use ordinary care to prevent Abalos' injury. But, as I perceive the development of the law of discovered peril to now be, that duty is imposed, and imposed only, when the defendant either has created the danger to which the plaintiff is exposed or occupies some activity status subjecting defendant to a continuing duty to prevent injury to the plaintiff. An analysis of each of the authorities relied on by Abalos, as well as other researched authorities, reveals that one or the other of these circumstances existed where discovered peril liability was decreed.

Here, Morgan did not create the danger to which Abalos was exposed, and Abalos does not contend the contrary. As I view the summary judgment deposition proof in the light most favorable to the losing plaintiff, Ruthco's crew, and not Morgan, controlled the pumping unit; therefore, Morgan occupied no activity status impressing upon him a continuing duty to protect Abalos from a danger which was unrealized by Abalos. The fact that Morgan thought that action on his part was required for plaintiff's protection did not result in a legal duty on Morgan's part to warn Abalos or stop the machinery. Restatement of Torts 2d § 314. Rather, since plaintiff's peril was unrelated to any conduct on Morgan's part, Morgan had the status of a mere bystander; and, irrespective of any moral duty, Morgan, and through him the defendant, owed no legal duty to Abalos to prevent the injury suffered by Abalos. Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109 (1942).

The trial court's summary judgment should be affirmed.