Fern B. **COURVILLE** et al., Appellants,

v.

**HOME TRANSPORTATION CO.** et al., Appellees.

No. 7481.

Court of Civil Appeals of Texas, Beaumont.

June 21, 1973.

Motion for Rehearing Overruled July 26, 1973.

Goodwin & Matheny, Beaumont, for appellants.

Orgain, Bell & Tucker, Benckenstein & Norvell, Beaumont, for appellees.

STEPHENSON, Justice.

The surviving wife and legal representative brought suit to recover damages for the wrongful death of Roland Guillory, naming as defendants Felix Croker, Home Transportation Company and the Benoit Estate. Judgment was rendered for the defendant Croker upon the jury verdict and plaintiffs make no complaint of this part of the judgment in their appeal. The trial court entered judgment non obstante veredicto for the Benoit Estate and Home Transportation Company and it is this action which is attacked upon the appeal. The plaintiffs will be referred to as such and the several defendants by their respective names.

According to allegations in plaintiffs' petition, this somewhat complicated incident began about 5:00 a. m. on May 24, 1969, when an automobile driven by Benoit collided with the rear end of a Home Transportation Company truck on Interstate Highway 10, just a short distance inside the Texas line. It is alleged that the truck did not stop but left the Benoit automobile blocking the inside lane of Interstate 10. Guillory was a passenger in an automobile which arrived at the scene of the first collision and stopped to investigate. That automobile was parked on the side of the highway and its driver and Guillory went over to the Benoit automobile. At that time, two more automobiles were approaching from the same direction and the one driven by Croker struck and killed Guillory. (Benoit was also killed, either in the original collision or later when his automobile was struck by another truck.)

The jury found that the driver of the Home Transportation Company truck was guilty of negligence in leaving the scene of the collision, in failing to place fusees in failing to stop and render aid, and also that each act of negligence was a proximate cause of Guillory's death. The jury failed to find Croker guilty of any act of negligence and failed to find Guillory guilty of any act of contributory negligence. The jury found that Benoit was driving his automobile while intoxicated, which was negligence and a proximate cause of the "collision" between the Croker automobile and Guillory. The jury found that Guillory knew that a dangerous condition existed on the highway, appreciated the risk of being hit by an automobile and voluntarily encountered that risk. The jury also found that it appeared to Guillory that Benoit was in a position of imminent danger, that Guillory attempted to rescue Benoit from such position of danger, and that such action was not rash and reckless.

There is no evidence in this record as to what caused the collision between the Benoit automobile and the Home Transportation Company truck. All of the evidence that there was such a collision is purely circumstantial. Apparently Benoit was alone in his automobile and the driver of the Home Transportation Company truck was not available to testify. No one testified that they saw the collision take place. The only witness who would have been in a position to shed any light upon this situation was riding on the passenger side of the truck when it passed the location at which this collision occurred and he testified that he saw and felt nothing. .

Plaintiffs have points of error complaining of the trial court's actions in granting the motion for judgment non obstante veredicto for the Benoit Estate and in not granting plaintiffs' motion for judgment on the verdict because there was evidence to support the jury findings as to the "intoxication" issue. These points are overruled.

■ There is no evidence in this record that any act or omission of the deceased Benoit was a proximate cause of either the original collision, as alleged by plaintiffs, or the "collision" between the Croker automobile and Guillory. The only evidence in this record shows that Benoit was under the influence of intoxicating liquors at the time of both collisions and, even though the violation of Art. 802, Vernon's Ann.Penal Code, may establish negligence per se, there is not a shred of evidence that such negligence was a "cause in fact" of either collision. Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex. 1967) and Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961).

A second related reason for overruling these points of error is that we agree with the line of cases in Texas holding that "intoxication" is not an ultimate issue in itself. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 798 (1951).

Plaintiffs have a series of points of error complaining of the failure of the trial court to render judgment for them against Home Transportation Company on the jury findings and in rendering judgment for such defendant non obstante veredicto. These points are overruled.

■ The jury found that there was a collision between the Benoit automobile and the Home Transportation Company truck and that its employee knew the collision had occurred. There were no allegations and no evidence that such collision was caused by the negligence of Home Transportation Company. The three acts of negligence alleged, proven and found by the jury occurred after the original collision. It is elementary that Home Transportation Company could be negligent only if it owed a duty to Guillory. Under the law of this state, it had no such duty.

We have not been cited and, after lengthy research, we have not found a case with a factual situation like the one before us. We have come to the conclusion that this case is controlled by the law expressed in the opinion by Chief Justice Alexander in Buchanan v. Rose, 138 Tex. 390, 159 S. W.2d 109 (1942). A somewhat detailed factual situation in *Buchanan* must be recited to bring the legal conclusions expressed into focus. The defendant's truck passed over a bridge and its rear wheels crushed the bridge, causing it to press down at one end and thereby becoming dangerous to traffic. The driver of an automobile following the truck saw what happened, overtook the truck, informed the truck driver, and asked if he was going to put up warnings to prevent others from being injured. The truck driver said he did not have time and drove on. Plaintiff came along later and without negligence on his part, ran into the damaged bridge causing the injuries complained of. It was conceded that the truck driver was not negligent in any manner which caused the bridge to break down. The only negligence relied upon was the failure to put up

warnings to protect other travelers from being injured as a result of the damaged bridge. The jury found the defendant negligent and the trial court rendered judgment for plaintiffs. The court of civil appeals reversed and rendered judgment for defendant [Rose v. Buchanan, 140 S. W.2d 203 (Tex.Civ.App., Galveston, 1940)]. The Supreme Court affirmed the judgment of the court of civil appeals and stated in its opinion that the first question to decide was whether defendant had a legal duty to give a warning. The general rules were stated as follows:

"[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby. On the other hand, it may be said generally, as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others.

\*　\*　\*　\*　\*　\*

"We think it may also be said that if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences.

\*　\*　\*　\*　\*　\*

"It will be noted, however, that in each of the above instances the defendant by his own act created the dangerous situation. In the case at bar, it is hardly fair to say that the defendant's agent created the dangerous situation. The bridge was already in a defective condition. It was insufficient in strength to carry a normal load. It merely gave way as the result of the usual and legiti-mate use of the road. It fell as a result of its own inherent defects. Defendant was merely the victim of a defective condition that already existed. It would be carrying the matter too far to say that one must give notice of every known defect in a road naturally resulting from his normal and legitimate use thereof. To so hold would make the use of the highways too hazardous from the standpoint of public liability." (159 S. W.2d at 110)

Applying the law of Buchanan v. Rose to the situation before us, we come to the conclusion that Home Transportation Company owed no duty to Guillory to give warning of the dangerous condition. Even though there was a moral obligation to warn of the danger, there was no legal duty to render assistance.

If there had been allegations, proof and jury findings that Home Transportation Company was negligent in causing the collision with Benoit, then a different question would have been presented. Also, if the Home Transportation Company truck had come upon the scene and found the Benoit automobile standing in the freeway, it would clearly have had no legal duty to become a good Samaritan.

However, inasmuch as the jury found that there was a collision between the Benoit automobile and the Home Transportation Company truck, the question which we are to answer is: Did Home Transportation Company "create a dangerous condition" as that term is used in Buchanan v. Rose, supra?

The illustrations given in the *Buchanan* case of situations in which defendants "created dangerous conditions" were:

"One who in the exercise of a lawful right, and without negligence on his part, makes an excavation across a street or sidewalk or on his premises in close proximity to a public way, or parks a vehicle in a road, or otherwise obstructs

the road with a foreign substance, is bound to give warning of the danger created thereby." (159 S.W.2d at 110)

The evidence relating to the collision between the Benoit car and the Home Transportation Company truck is purely circumstantial and there is no suggestion in our record that any negligent act or omission of the driver of the Home Transportation Company truck proximately caused the collision with the Benoit vehicle. Insofar as shown by our record, the Home Transportation Company truck was, in the exercise of a lawful right, upon the highway when it was struck by the Benoit vehicle. So the truck, insofar as shown by our record, did not *create* the dangerous condition in the roadway.

The incident in which the truck was involved with the Benoit vehicle placed no more duty to warn than did the incident in which the truck driver in *Buchanan* was involved. In each instance, a dangerous condition actually resulted from the operation of the truck in a lawful and non-negligent manner. But in order to hold the defendant liable in tort, the plaintiff labored under the burden of proving the existence and the violation of a legal duty owed to him. Coleman v. Hudson Gas and Oil Corporation, 455 S.W.2d 701, 702 (Tex. 1970).

In this instance, the dangerous condition resulted from the operation of the Home Transportation Company truck in a lawful and non-negligent manner and plaintiff failed to establish the existence and violation of a legal duty owed to him. We construe the *Buchanan* case to mean that the defendant must do something affirmatively, such as making an excavation, parking a vehicle, or otherwise obstructing the roadway, in order for it to be said that he *created* a dangerous condition which gave rise to a duty to give warning of the dangerous condition. No such showing was made here.

Affirmed.