TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00116-CV






Rufino Escobedo and Emlyn Escobedo, Individually and on Behalf of the Estate of


Joshua James Escobedo, Deceased Minor, and as Next Friends of


Veronica Michelle Escobedo and Rufino Escobedo, III,


Minors, Appellants



v.



T. E. Haynie & Associates and T. E. Haynie, Individually, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-11057, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 






 Plaintiffs Rufino Escobedo and Emlyn Escobedo, individually and on behalf of the estate
of Joshua James Escobedo, and as the next friends of Veronica Michelle Escobedo and Rufino Escobedo,
III, minors, appeal from a summary judgment that they take nothing by their actions against defendants T.
E. Haynie & Associates and Timothy E. Haynie, Individually. We will affirm the judgment.


THE CONTROVERSY


 In the period April - August 1995, T. E. Haynie & Associates and Timothy E. Haynie
(collectively "Haynie" hereafter) performed surveying and engineering services at Blanco River Ranch
Development, a tract of real property owned by B.H.R. Developers, L.L.C., adjoining the Blanco River. 
A dam crosses the river to join the opposite bank at Five Mile Dam Park, a public park. B.H.R. evidently
owns the structure out to midstream. B.H.R.'s part of the dam is pierced by a large submerged pipe
through which water flows to the opposite or down-river side of the dam. On August 13, 1995, Joshua
James Escobedo, a minor, entered the stream from the park, climbed on the dam, and jumped into the
water. He drowned when he became stuck in the pipe. Although Haynie knew of the existence of the pipe
as a result of his surveying work, he warned neither B.H.R. nor the public of any danger posed by the
submerged pipe. The plaintiffs sued Haynie on a cause of action for negligence, contending apparently that
he had (1) a duty to warn the public of the hazard or to render the pipe safe by placing a grate over the pipe
opening, or (2) a duty to inform B.H.R. of the hazard in order that B.H.R. could have prevented Joshua's
death by such action.

 The trial court sustained Haynie's motion for summary judgment, urged on the ground that
Haynie owed no duty upon which the plaintiffs could base an action for negligence. The plaintiffs appeal
on a single, general point of error that the trial court erred in sustaining Haynie's motion for summary
judgment. See Plexchem Int'l v. Harris County Appraisal Dist., 922 S.W.2d 930, 931 (Tex. 1996). 
We will therefore assess the various grounds upon which plaintiffs contend the motion for summary
judgment should have been denied.


DISCUSSION AND HOLDINGS


Insufficient Motion for Summary Judgment


 Plaintiffs contend Haynie's motion for summary judgment failed to set forth the specific
grounds upon which relief was requested. See Tex. R. Civ. P. 166a(c); McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993). We summarize in a footnote the grounds upon which
Haynie urged his motion. (1) The trial judge filed conclusions of law to the effect that Haynie's uncontradicted
affidavit established as a matter of law the following propositions: (1) "Plaintiffs are not entitled to recover
against [Haynie] based on allegations of a hazardous premises condition, because the summary judgment
evidence establishes as a matter of law that the scope of [Haynie's] work . . . was limited so that [he] did
not have the right to control the part of the premises involved in the plaintiff's claim"; (2) "Plaintiffs are not
entitled to recover against [Haynie] based on common law negligence, because [Haynie] undertook in
writing to perform specified engineering subdivision survey work and road and water system work, did not
have a duty to discover or to protect against unrelated hazards to members of the public who were not in
any way involved in or affected by any aspect of the work that [Haynie] undertook"; and (3) Haynie's
status as a professional engineer did "not expand the duty element of negligence to any person to whom"
Haynie did not otherwise have a duty under applicable law. These conclusions of law obviously
correspond to the grounds urged in Haynie's motion for summary judgment.

 We hold Haynie's motion set forth the specific grounds upon which summary judgment was
requested and rendered: the absence of a legal duty supporting either of the two causes of action alleged
by the plaintiffs. We turn then to the substantive grounds upon which plaintiffs assail the judgment.


Premises Liability


 As a general rule, a person owes a duty to warn or protect third persons of dangerous
conditions on land if he: (1) creates the dangerous condition, (2) has control over the property upon which
the dangerous condition exists, or (3) has contractually bound himself to render safe the dangerous
condition. See Exxon Corp. v. Tidwell, 867 S.W.2d 19, 23 (Tex. 1993); City of Denton v. Page, 701
S.W.2d 831, 835 (Tex. 1986); Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985); Strakos
v. Gehring, 360 S.W.2d 787, 795 (Tex. 1962).

 The summary-judgment record is undisputed that Haynie did not create the dangerous
condition complained of, did not own or otherwise control the property upon which the condition existed,
and did not contractually bind himself to report or remedy a dangerous condition in the river or on the dam
if observed in the course of his work. The scope of his work was defined in a letter agreement between
Haynie and B.H.R. The work consisted of a survey of the property and the preparation of various plans,
plats, and diagrams for a residential subdivision. The contract does not suggest he was responsible for any
safety matter outside the defined work. There is no suggestion in the record that he did not perform with
the requisite degree of skill the work specified in the contract. We therefore sustain the summary judgment
as to the plaintiffs' claim based upon a theory of premises liability.


Negligent Conduct


 Plaintiffs alleged a cause of action against Haynie for negligence outside the context of
premises liability. They alleged Haynie was negligent in not evaluating the hazardous condition so that he
might perform his "absolute obligation to inform" B.H.R. of the hazard in order that B.H.R. might have
neutralized the danger by warning or by correcting the hazard.

 We have noted above that Haynie's duty to inspect the property pertained solely to his
contract obligation, which did not include a search for dangerous conditions in the river or on the dam. 
Nevertheless, he did see the dam and the submerged pipe in the course of his work but "did not form an
opinion or conclude that the flow pipes were hazardous or dangerous." Did Haynie have a duty to plaintiffs
to report his observation to B.H.R.?

 The summary-judgment record is undisputed that Haynie did not create the dangerous
condition associated with the flow pipe, did not have a duty under his letter agreement with B.H.R. to
search for such conditions, to remedy them, or to report them to B.H.R., and did not voluntarily assume
a duty to search, remedy, or report any such condition he might observe. "[I]t may be said generally, as
a matter of law, that a mere bystander who did not create the dangerous situation is not required to become
the good Samaritan and prevent injury to others." Buchanan v. Rose, 159 S.W.2d 109, 110 (Tex. 1942). 
As to the condition of the dam and flow pipe, we conclude Haynie was no more than a "mere bystander"
under the undisputed facts pertaining to the limited scope of his work, his authority for being on the
property, and his want of control over the property and the dam. See, e.g., Graham v. Freese & Nichols,
Inc., 927 S.W.2d 294, 296-97 (Tex. App.--Eastland 1996, writ denied) (engineering firm that designed
plans for renovation of dam and provided on-site contract administration during construction owed no duty
to prevent injury to employee of general contractor where engineering firm did not contract regarding safety
at work site and did not control premises, even though engineering firm observed various safety hazards
and stated they needed to be taken care of); see also Buchanan, 159 S.W.2d at 110 (defendant who did
not create hazard caused by deteriorated condition of bridge, but knew of the hazard, owed no duty to
warn others of it).

 We hold the trial court did not err in rendering summary judgment as to plaintiffs' claims
for negligent conduct by Haynie. We therefore affirm the judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 8, 1998

Do Not Publish
1. Haynie's motion for summary judgment stated as follows:


Haynie's attached affidavit "establishes that [he] had no control whatsoever over the
flow pipe." Haynie contracted with B.H.R. "to survey and perform engineering
services," consisting of "subdividing [B.H.R.'s development] into approximately 25
residential lots." Haynie "never had any ownership interest" in the development "or
the portion of the [dam] which is the subject of this lawsuit," and "never assumed nor
executed [sic] control over the [development or the dam]."


Haynie's attached affidavit "establishes that [his] agreement with B.H.R. . . . was to
perform engineering and surveying services in accordance with his profession. The
parties' agreement did not encompass a responsibility on the part of [Haynie] to
recommend remedial measures or remedy any condition on the [development
property]."


Haynie "did not have control over the flow pipe . . . and therefore did not owe a duty
to the Plaintiffs to discover any condition and/or make recommendations related to
the flow pipe."


"In summary, [Haynie] did not owe Plaintiffs a duty to discover and/or make
recommendations related to the . . . flow pipe," but "contracted with [B.H.R.] to
perform engineering and surveying services," and "has no ownership interest in the
property [and has never] assumed control over the applicable property."



e hazard in order that B.H.R. might have
neutralized the danger by warning or by correcting the hazard.

 We have noted above that Haynie's duty to inspect the property pertained solely to his
contract obligation, which did not include a search fo