ACCEPTED
04-14-00899-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/30/2015 5:06:18 PM
KEITH HOTTLE
CLERK

04-14-00899-CV

| | |
|---|---|
| *In the Fourth Court of Appeals* | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS<br><br>04/30/2015 5:06:18 PM<br><br>KEITH E. HOTTLE<br>Clerk |

LETICIA ZEPEDA VASQUEZ, Individually and on
Behalf of the Estate of Jose Abraham Vasquez, Jr.,
*Appellant,*

v.

LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC;
LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.;
ROSETTA RESOURCES OPERATING CO., INC.; VIRTEX HOLDNGS, LLP;
VIRTEX OPERATING CO., INC. ENTERPRISE PRODUCTS HOLDINGS,
LLC; ENTERPRISE PRODUCTS COMPANY; and
XTO ENERGY, INC.,
*Appellees*

On Appeal From the 81ˢᵗ District Court
In La Salle County, Texas
Trial Court Cause No. 14-07-0019-CVL

## APPELLEE ROSETTA RESOURCES OPERATING CO., INC.'S BRIEF

William A. Abernethy
State Bar No. 00809800

Clay E. Coalson
State Bar No. 04422400

DONNELL, ABERNETHY &
  KIESCHNICK, P.C.
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Telephone: (361) 888-5551

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................ii

INDEX OF AUTHORITIES ........................................................................................ iv

STATEMENT OF THE CASE ..................................................................................... 1

ISSUES PRESENTED ................................................................................................ 2

    ISSUE 1................................................................................................................ 2

    ISSUE 2 ............................................................................................................... 2

STATEMENT OF FACTS ........................................................................................... 2

SUMMARY OF ARGUMENT .................................................................................... 4

ARGUMENT ............................................................................................................... 4

    I.    THE TRIAL COURT CORRECTLY DISMISSED PLAINTIFF'S CLAIMS BECAUSE THEY DO NOT HAVE ANY BASIS IN LAW. 4

        A.    Standard of Review........................................................................ 4

        B.    Plaintiff is Essentially Contending That all Ten Defendants Should be Liable for Collectively and Incrementally Causing Wear and Tear to the Public Road............................................................ 5

        C.    There is No Caselaw That Imposes Liability on Users of Public Roads for Collectively Causing Wear and Tear to the Road.......... 6

        D.    Plaintiff's Reliance on Buchanan v. Rose and Other Cases That Cite it is Misplaced.......................................................................... 6

        E.    The Supreme Court's Opinion in Grapotte v. Adams is More Factually On-Point Than Buchanan v. Rose................................... 8

F.    Imposing A Legal Duty On Users of Public Roads to Repair the Road to Prevent Dusty Conditions or Warn Other Drivers of Dusty Conditions is Fraught With Legal and Practical Impossibilities and Difficulties, and Therefore Supports the Trial Court's Determination That Plaintiff's Claims Have No Basis in Law ........................................................................................ 9

    1.    The County has the power and duty to repair public roads, and private citizens have no legal right to repair such roads.................................................................................. 9

    2.    Warning signs and other safety devices are the County's responsibility, so private users of the road cannot install signs and devices to warn other motorists of dusty conditions ................................................................................ 10

    3.    There are serious practical problems in having private users attempt to repair public roads to alleviate dusty conditions or warn other drivers of such conditions ............................ 10

    4.    The duty which Plaintiff seeks to impose on users of public roadways would have negative public policy implications 12

CONCLUSION ....................................................................................... 12

PRAYER ................................................................................................. 13

CERTIFICATE OF COMPLIANCE ...................................................... 14

CERTIFICATE OF SERVICE ............................................................... 14

# INDEX OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Buchanan v. Rose*,
     159 S.W.2d 109 (Tex. 1942)...........................................................................6, 7, 8

*City of San Antonio v. City of Boerne*,
     111 S.W.3d 22 (Tex. 2003) ............................................................................ 9

*Courville v. Home Transportation Co.,*
     497 S.W.2d 788 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.)................... 7

*DeVoll v. Demonbreun*,
     2014 Tex. App. Lexis 13865,
     (Texas. App.—San Antonio 2014, no pet.) (memorandum opinion) ............. 2, 5

*Gaulding v. Celotex Corp.*,
     772 S.W.2d 66 (Tex. 1989)............................................................................. 6

*General Electric v. Moritz*,
     257 S.W.3d 211 (Tex. 2008) ........................................................................ 11

*GoDaddy.com, LLC v. Toups*,
     429 S.W. 3d 752 (Tex. App.—Beaumont 2014, pet. denied) ............................... 5

*Grapotte v. Adams*,
     111 S.W.2d 690 (Tex. 1938)........................................................................ 8, 9

*Roland v. Daimler Chrysler Corp.*,
     33 S.W.3d 468 (Tex. App.—Austin 2000, pet. denied)....................................... 11

*Texas Home Management v. Peavy*,
     89 S.W.3d 30 (Tex. 2002) .......................................................................... 12

**Statutes**

Tex. Transp. Code
     § 251.016 ................................................................................................... 9
     § 252........................................................................................................... 9
     § 252.005 ................................................................................................. 10

§ 252.105(b)(1) .............................................................................................. 9

§ 252.205(b)(4) ............................................................................................ 10

§ 252.215 ...................................................................................................... 10

§ 544.006(a)(e) ............................................................................................ 10

## **Regulations**

Tex. Admin. Code
§ 21.141 ....................................................................................................... 10

§ 21.401 ....................................................................................................... 10

§ 22.215 ....................................................................................................... 10

## **Rules**

Tex. R. Civ. P.
§ 91a ............................................................................................................... 5

§ 91a.1 ............................................................................................................ 5

Tex. R. App. P.
§ 9.4 (i)(1) .................................................................................................... 14

§ 9.4 (i)(3) .................................................................................................... 14

## STATEMENT OF THE CASE

This case is brought under the wrongful death and survival acts. Appellant/Plaintiff Laura Vasquez is the widow of Jose Vasquez, who died when a cloud of dust obscured his visibility while he was driving on a public road, causing his vehicle to leave the roadway and go into a ditch. CR 82. Plaintiff has sued ten Appellees/Defendants, who allegedly own or operate oil and gas wells in the area around the public road, and therefore use the road. CR 81-82. Plaintiff contends that the Defendants were negligent and grossly negligent because operating their vehicles on the public road created a dangerous condition (i.e., dusty conditions) that they failed to fix or warn other drivers about. CR 82-86.

The Defendants filed motions to dismiss under Tex. R. Civ. P. 91a, which authorizes the dismissal of claims that have no basis in law or fact. CR 52, 62, 121. The trial court granted the motions on the ground that the Plaintiff's cause of action had no basis in law, with the exception of a negligence claim against Defendants Lewis Energy Group, LP and Lewis Petro Properties, Inc. for improperly operating a vehicle at the scene of the accident, which the trial court found to be separate and distinct from the claims that it was dismissing, and the trial court therefore severed that remaining claim against the Lewis Defendants into a separate suit which is abated until this appeal is resolved. Supp. CR 7-8. Thus, this appeal involves the Rule 91a dismissal of Plaintiff's claims for having no basis in law.

1

## ISSUES PRESENTED

### ISSUE 1

Does Texas law recognize a cause of action in favor of a person who has an automobile accident caused by diminished visibility due to dusty conditions while he is driving on a public road, against other users of the public road who used the road on earlier occasions and may have thereby caused wear and tear to the road?

### ISSUE 2

Does Texas law impose a duty on users of a public road to either (1) repair the road so as prevent dusty conditions from occurring on the public road, or (2) warn other drivers that their visibility might be diminished by dusty conditions on the public road?

## STATEMENT OF FACTS

This Court has said that when reviewing a Tex. R. Civ. 91a dismissal, the determination of whether a cause of action has any basis in law is a legal question that the court reviews *de novo*, based on the allegations of the live petition and any attachments thereto. DeVoll v. Demonbreun, 2014 Tex. App. Lexis 13865, 4 (Texas. App.—San Antonio 2014, no pet.) (memorandum opinion). Thus, we look to the Plaintiff's First Amended Petition for this Statement of Facts.

Plaintiff alleges that on August 4, 2012, decedent Jose Vasquez was operating a vehicle on Krueger Road in LaSalle County. CR 82. Mr. Vasquez was travelling

immediately behind Defendant Lewis Energy's truck, which was "travelling at a high rate of speed, throwing up dust, and driving recklessly". CR 84. As a result of this "reckless driving", the Lewis Energy truck "caused an excessive amount of dust and dirt to obstruct the view" of Mr. Vasquez. CR 84. A "cloud of dust" caused Mr. Vasquez to lose sight of the road, drive into a ditch, and his vehicle flipped over and killed him. CR 82.

Plaintiff tacitly acknowledges that Krueger Road is a county road that is maintained by LaSalle County. CR 81-82. Plaintiff asserts that the ten Defendants own or operate oil or gas wells "in the area around Krueger Road", and that "every day" the Defendants sent "numerous loaded and unloaded trucks up and down Krueger Road…to operate and service the wells." CR 81-82. Plaintiff claims LaSalle County could not repair Krueger Road as fast as the Defendants destroyed it, thereby "creating a dangerous condition". Plaintiff says that the Defendants "failed to fix the road" and "failed to provide any warnings to drivers…such as [Mr.] Vasquez". CR 82, 83. Plaintiff contends that the Defendants were negligent and grossly negligent because their vehicles, as well as the vehicles from the other companies they "hired, commissioned and contracted with, "destroyed" the road by driving on it. CR 82-86.

The Defendants moved for dismissal pursuant to Tex. R. Civ. P. 91a, contending that Plaintiff's claims had no basis in law. CR 52, 62, 121. Plaintiff filed a response. CR 126. After a hearing, 1 RR 1-34, the trial court dismissed the Plaintiff's claims against all Defendants. CR 147. The trial court thereafter signed another order

that clarified that the claim against the Lewis Defendants for improperly operating a vehicle at the scene of the accident was "separate and distinct from Defendants' 91a claims" and was therefore severed from the action and assigned a new cause number which was to be abated until this appeal is resolved. Supp. CR 007-008. This appeal was thereafter perfected. Supp. CR 001.

## SUMMARY OF ARGUMENT

Jose Vasquez died when he was blinded by a dust cloud stirred up by a truck that was immediately in front of him on a county road, thereby causing him to lose sight of the road and drive into a ditch. CR 82, 84. His widow is suing other users of the public road for causing wear and tear through their use of the road, and then not repairing the road or warning other drivers.

The trial court correctly ruled that Plaintiff's claims have no basis in law. The Defendants did not owe a duty to prevent the dust cloud that blinded Mr. Vasquez and caused him to drive into the ditch. The Defendants did not have a duty to repair the public road or warn Mr. Vasquez of dust clouds or other road conditions. Texas law simply does not impose liability on users of a public road for accidents caused dusty conditions purportedly resulting from wear and tear of the roadway.

## ARGUMENT

I.  **THE TRIAL COURT CORRECTLY DISMISSED PLAINTIFF'S CLAIMS BECAUSE THEY DO NOT HAVE ANY BASIS IN LAW**

   A.   **Standard of Review**

4

Pursuant to Tex. R. Civ. P. 91a, the trial court dismissed the Plaintiff's claims because they have no basis in law. Supp. CR 007–008. Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. DeVoll v. Demonbreun, 2014 Tex. App. Lexis 13865, 3 (Tex. App.–San Antonio 2014 no pet.) (memorandum opinion). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Id. (quoting Rule 91a.1.). The determination of whether a cause of action has any basis in law is a legal question that appellate courts review *de novo*, based on the allegations of the live petition and any attachments thereto. Id. at 4. In its review, this Court construes the pleadings liberally in favor of the Plaintiff, looks at the pleader's intent, and accepts as true the factual allegations in the pleadings to determine if the cause of action has a basis in law. Id. The Court considers "whether the petition contains enough facts to state a claim to relief that is plausible on its face". GoDaddy.com, LLC v. Toups, 429 S.W. 3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied).

### B. Plaintiff is Essentially Contending That all Ten Defendants Should be Liable for Collectively and Incrementally Causing Wear and Tear to the Public Road

The core facts alleged in this case are that Jose Vasquez died when he was blinded by a dust cloud stirred up by a truck that was immediately in front of him on a public road, thereby causing him to lose sight of the road and drive into a ditch. CR 82, 84. Remarkably, the plaintiff fails to even mention those facts in her argument,

much less address them. She does not allege any unique conduct as to any of the 10 Defendants (other than the Lewis Energy truck "throwing up dust" by driving immediately in front of Mr. Vasquez in a "dangerous manner", a claim that has been severed and abated and therefore is not before this Court). Instead, Plaintiff merely complains that the 10 Defendants collectively sent "numerous loaded and unloaded trucks up and down Krueger Road to operate and service their nearby wells, and that those trucks "continually" drove at "high rates of speed" and some were "possibly" overweight. CR 083, 085. Plaintiff does not allege any particular incident that damaged the road; rather, she is merely complaining about incremental wear and tear to the road due to significant economic activity in the area by numerous defendants.

### C. There is No Caselaw That Imposes Liability on Users of Public Roads for Collectively Causing Wear and Tear to the Road

Plaintiff does not cite any Texas cases where a group of defendants has been held liable for collectively causing wear and tear to a public road. In fact, Defendant's counsel has conducted a nationwide search on Lexis for such a case, and has not found any. Such a theory would be contrary to current Texas law, which has not adopted collective theories of liability such as alternative liability, concert of action, enterprise liability, or market share liability. Gaulding v. Celotex Corp., 772 S.W.2d 66, 71 (Tex. 1989).

### D. Plaintiff's Reliance on Buchanan v. Rose and Other Cases That Cite it is Misplaced

Plaintiff contends that Texas courts have long held that if a party creates a dangerous condition, it either has a duty to repair it (if the condition was created negligently) or to warn those who may be injured by it (if the condition was created without being negligent). Appellant's Brief, pp. 6, 9-10. Of the eight cases Plaintiff cites for that contention, only two of the cases involved automobile accidents (Buchanan v. Rose, 159 S.W.2d 109 (Tex. 1942) and Courville v. Home Transportation Co., 497 S.W.2d 788 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.) and neither of those cases found that the defendant owed a duty under the facts presented. The other cases cited involve unrelated situations like drug testing, embezzlement, oilfield accidents, flooding, and electrocution. And beyond involving unrelated situations, none of those cases found a duty owed by the defendants under the rule urged by Plaintiff. So the cases cited by Plaintiff do not support her position.

All of the cases relied on by Plaintiff cite Buchanan v. Rose, 159 S.W.2d 109 (Tex. 1942). But Buchanan does not support Plaintiff's position, but instead rejects it. Specifically, the Supreme Court observed that the defendant in Buchanan (whose truck broke a bridge that was already in a defective condition) had no duty to warn other drivers of the broken bridge because the defendant "was merely the victim of a defective condition that already existed", and that "[i]t would be carrying the matter too far to say that one must give notice of every known defect in a road naturally resulting from his normal and legitimate use thereof." Id. 159 S.W.2d at 393-394. The Court further explained that "[t]o so hold would make the use of the highways

7

too hazardous from the standpoint of public liability." Id. In our case, Buchanan's concern about excessive public liability is even more apparent, as Plaintiff seeks to impose liability against 10 users of the road. Frankly, under the argument urged by Plaintiff, she could theoretically sue ever motorist who drove on Krueger Road prior to Mr. Vasquez's accident. That potential for rampant public liability for merely using public roads creates a compelling reason not to impose liability on the Defendants.

**E.    The Supreme Court's Opinion in Grapotte v. Adams is More Factually On-Point Than Buchanan v. Rose**

Within Buchanan v. Rose, The Texas Supreme Court favorably cites its earlier decision of Grapotte v. Adams, 111 S.W.2d 690 (Tex. 1938), which is more factually on-point than Buchanan v. Rose. In Grapotte, the plaintiff tripped and fell while walking on a public sidewalk in downtown San Antonio. The plaintiff contended that she stepped in a depression in the sidewalk, which had been caused by numerous cars going in and out of the defendant's parking garage over an extended period of time. The appellate courts reversed a judgment in favor of the plaintiff. The Supreme Court noted that the duty to maintain the sidewalk rested upon the City of San Antonio, rather than the abutting landowner-defendant. Id., p. 691. In holding that the defendant was not legally responsible for the plaintiff's accident, the Supreme Court determined that numerous cars passing over the sidewalk showed the degree and quantity of use, rather than an unusual, wrongful or unlawful use. Id., p. 691-692.

8

Our case is similar to <u>Grapotte</u> in that Plaintiff is attempting to hold the 10 Defendants liable for their rightful use of the public road to conduct their lawful business activities, which may have ultimately led to wear and tear of the road that the County had the duty to maintain. Under <u>Grapotte</u>, the Defendants cannot be liable for Mr. Vasquez's accident.

**F. Imposing A Legal Duty On Users of Public Roads to Repair the Road to Prevent Dusty Conditions or Warn Other Drivers of Dusty Conditions is Fraught With Legal and Practical Impossibilities and Difficulties, and Therefore Supports the Trial Court's Determination That Plaintiff's Claims Have No Basis in Law**

**1. The County has the power and duty to repair public roads, and private citizens have no legal right to repair such roads**

At the heart of Plaintiff's position is the belief that the 10 Defendants, as users of a public road, had a duty to either repair it or warn other drivers of the purported "dangerous condition". Appellant's Brief, 4, 6, 9, 10. Plaintiff's argument erroneously assumes that private citizens can repair public roads or install warning signs or similar devices on them. This is not so. The Texas Transportation Code specifically provides that county commissioner courts "may exercise general control over all roads, highways and bridges in the county." Tex. Transp. Code § 251.016. "By granting commissioners courts general control over roads, the Legislature imposed on them a duty to make roadways safe for public travel." <u>City of San Antonio v. City of Boerne</u>, 111 S.W.3d 22, 31-32 (Tex. 2003). Chapter 252 of the Texas Transportation Code creates various systems for county road administration, including adopting a

9

system for laying out, working on, draining and repairing the public roads (Section 252.005) and ensuring that roads are kept in good repair (Sections 252.105(b)(1) and 252.205(b)(4)). Similarly, as the owner or easement holder of Krueger Road, the County was in control of the road and therefore had a duty to maintain it.

**2. Warning signs and other safety devices are the County's responsibility, so private users of the road cannot install signs and devices to warn other motorists of dusty conditions**

Just as the Defendants could not repair the public road, they could not place signs or other warning devices on the public road. *See, e.g.*, Tex. Transp. Code § 544.006(a)(e), (prohibiting persons from placing unauthorized signs that attempt to direct the movement of traffic on or in view of a road); Tex. Admin. Code § 21.141 et. seq., § 21.401, et seq. (regulations governing signage on right of ways); Tex. Transp. Code § 252.215 (making persons who knowingly damage or misplace a sign liable to the county and to anyone injured by such conduct). Further, because the Defendants do not own or control the public road, they do not have any property interest that would give them the legal right to place signs or devices on it.

**3. There are serious practical problems in having private users attempt to repair public roads to alleviate dusty conditions or warn other drivers of such conditions**

Thus, Plaintiff's simplistic assertions that the 10 Defendants should have repaired the public road or warned motorists of the dusty conditions ignores the complex legal realities of what she is urging. Plaintiff's bald assertion that the Defendants should have repaired the road (presumably to make it relatively dust-free)

10

also ignores the practical realities of eliminating dust on an unpaved road in rural South Texas in early August (when this accident occurred).

The only way to keep an unpaved road dust-free in dry, hot South Texas would be to pave it. And even then, in a hot and windy locale, dust can still be blown across the road in considerable volume. So keeping this unpaved road relatively dust-free would be almost impossible, but would probably require that the Defendants pave the unpaved road in an attempt to comply with the purported duty that Plaintiff is urging. To require that private users of public roads pave an unpaved road in order to effectively "repair" a purported dust problem is absurd.

And as far as the purported duty to warn Mr. Vasquez of the dangers of dust clouds, a dust cloud is open and obvious, and the fact that it can obscure vision and lead to accidents is within the common sense and common experience of drivers. Should Texas law be dramatically expanded to impose liability upon users of public roadways based on their failure to warn other drivers of something as open and obvious as a dust cloud? The answer is clearly "no". There is no duty to warn when the danger is something that is open and obvious. <u>See</u>, <u>e.g.</u>, <u>General Electric Co. v. Moritz</u>, 257 S.W.3d 211, 214 (Tex. 2008) (premises owner has no duty to warn an independent contractor's employees of an open and obvious danger); <u>Roland v. Daimler Chrysler Corp.</u>, 33 S.W.3d 468, 469-471 (Tex. App.—Austin 2000, pet. denied) ("In Texas, a manufacturer has no duty to warn of open and obvious

11

dangers"; riding in the bed of a pickup truck is an open and obvious danger as a matter of law).

### 4. The duty which Plaintiff seeks to impose on users of public roadways would have negative public policy implications

Courts must consider public policy implications when imposing a duty of care. Texas Home Management v. Peavy, 89 S.W.3d 30, 37 (Tex. 2002). In this case, expecting users of public roads to somehow conduct repairs or provide warnings to other motorists has numerous public policy implications. First, how will a given user even know whether its level of purported wear and tear triggers a duty to repair or warn? And assuming a user has reason to believe its conduct or use reached the requisite level of wear and tear, how would it go about fixing the road or placing signs or devices? Would such a person need governmental approvals, and if so, how would such be obtained and under what time frame? Or could a user simply barricade the road and begin making repairs as it saw fit, or install whatever signs/devices it chose to install? The duty Plaintiff seeks to impose is simply unfair and unworkable. It would merely lead to worry, chaos and confusion among users of public roads.

### CONCLUSION

There is no precedent for creating the duty that the Plaintiff is urging this Court to impose on users of public roads. Further, such a duty would be completely unworkable, assuming it was even legally possible, given the statutes that impose governmental control over public roads. This case was properly dismissed.

12

## PRAYER

Appellee Rosetta Resources Operating Co., Inc. prays that the trial court's judgment be affirmed, and that the costs of appeal be taxed against Appellant Leticia Zepeda Vasquez.

Respectfully submitted,

/S/ *Clay E. Coalson*
William A. Abernethy
State Bar No. 00809800
E-MAIL: babernethy@dakpc.com
Clay E. Coalson
State Bar No. 04422400
E-MAIL: ccoalson@dakpc.com

DONNELL, ABERNETHY &
    KIESCHNICK, P.C.
555 North Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Telephone: (361) 888-5551
Facsimile:  (361) 880-5618

*Attorneys for Appellee Rosetta Resources Operating Co., Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned counsel – in reliance upon the word count of the computer program used to prepare this document – certified that this document contains 2,859 words, excluding the words that need not be counted under Texas Rule of Appellate Procedure 9.4(i)(1).

/S/ Clay E. Coalson
Clay E. Coalson

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2015 a copy of this Appellee's Opening Brief was served by electronic filing upon the following counsel of record:

Jeffrey Lee Dorrell
E-mail:  jdorrell@hanszenlaporte.com
H. Mark Burck
E-mail:  mburck@hanszenlaporte.com
Daniel Dutko
E-mail:  ddutko@hanszenlaporte.com
Hanszen Laporte, LLP
11767 Katy Freeway, Suite 850
Houston, Texas 77079
    *Attorneys for Appellant Leticia Zepeda Vasquez*

Isaac J. Huron
E-mail:  ihuron@lawdcm.com
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78213
    *Attorney for Appellees Legend Natural Gas III, LP, and
        Legend Natural Gas, LLC*

David L. Ortega
E-mail:  dortega@nhsl.com
Naman Howell Smith & Lee, PLLC
1001 Reunion Place, Suite 600
San Antonio, Texas 78216
    *Attorney for Lewis Energy Group, LP, and
        Lewis Petro Properties, Inc.*

Jose E. Garcia
E-mail:  jeg@gvlaw.net
Garcia & Villarreal
4311 N. McColl Road
McAllen, Texas 78504
    *Attorney for Appellee XTO Energy, Inc.*

Christopher Lowrance
E-mail:  chris.lowrance@roystonlaw.com
Royston, Rayzor, Vickery & Williams, LLP
802 Carancahua, Suite 1300
Corpus Christi, Texas 78401
    *Attorney for Virtex Operating Co., Inc., and*
        *Virtex Holdings, LLP*

E. Michael Rodriguez
E-mail:  mrodriguez@atlashall.com
Atlas, Hall & Rodriguez, LLP
P.O. Box 6369 (78523-6369)
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
    *Attorney for Enterprise Products Holdings,*
        *LLC, and Enterprise Products Co.*