ACCEPTED
04-14-00899-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/31/2015 4:47:38 PM
KEITH HOTTLE
CLERK

# 04-14-00899-CV

## In the

# 𝔉𝔬𝔲𝔯𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### SITTING AT SAN ANTONIO

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.,**

*Appellant,*

v.

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.; ROSETTA RESOURCES OPERATING, LP; VIRTEX HOLDINGS, LLP; VIRTEX OPERATING CO., INC.; ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

*Appellees*

**Appealed From the 81st District Court**
**La Salle County, Texas**
**Trial Court Cause No. 14-07-0019-CVL**

# APPELLANT'S OPENING BRIEF

**JEFFREY L. DORRELL**
State Bar No. 00787386
jdorrell@hanszenlaporte.com

## HANSZEN✦LAPORTE

11767 Katy Freeway, Suite 850
Houston, Texas 77079
Telephone: 713-522-9444
FAX: 713-524-2580
**ATTORNEY FOR APPELLANT**

**APPELLANT REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES & COUNSEL

Appellant certifies that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this matter:

| PARTIES | COUNSEL |
|---|---|
| **Leticia Zepeda Vasquez,** *Appellant* | Jeffrey Lee Dorrell<br>H. Mark Burck<br>Daniel Dutko<br>Hanszen Laporte, LLP<br>11767 Katy Freeway, Suite 850<br>Houston, Texas 77079<br>Telephone: 713-522-9444<br>FAX: 713-524-2580<br>Attorney for Appellant |
| **Legend Natural Gas III, LP, and Legend Natural Gas, LLC** *Appellees* | Isaac J. Huron<br>Davis, Cedillo & Mendoza, Inc.<br>McCombs Plaza, Suite 500<br>755 E. Mulberry Avenue<br>San Antonio, Texas 78213<br>Telephone: 210-822-6666<br>FAX: 210-822-1151<br>Attorney for Legend Natural Gas III, LP, and Legend Natural Gas, LLC |
| **Lewis Energy Group, LP, and Lewis Petro Properties, Inc.** *Appellees* | David L. Ortega<br>Naman Howell Smith & Lee, PLLC<br>1001 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>Telephone: 210-731-6300<br>FAX: 210-785-2953<br>Attorney for Lewis Energy Group, LP, and Lewis Petro Properties, Inc. |

**XTO Energy, Inc.**
    *Appellee*

Jose E. Garcia
Garcia & Villareal
4311 N. McColl Road
McAllen, Texas 78504
Telephone: 956-630-0081
FAX: 956-630-3631
Attorney for XTO Energy, Inc.

**Rosetta Resources Oper., LP**
    *Appellee*

William A. Abernethy
Donnell, Abernethy & Kieschnick, P.C.
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Telephone: 361-888-5551
FAX: 361-880-5618
Attorney for Rosetta Resources Oper., LP

**Virtex Operating Co., Inc., and Virtex Holdings, LLP**
    *Appellees*

Christopher Lowrance
Royston, Rayzor, Vickery & Williams, LLP
802 Carancahua, Suite 1300
Corpus Christi, Texas 78401
Telephone: 361-884-8808
FAX: 361-884-7261
Attorney for Virtex Operating Co., Inc., and Virtex Holdings, LLP

**Enterprise Products Holdings, LLC, and Enterprise Products Co.**
    *Appellees*

E. Michael Rodriguez
Atlas, Hall & Rodriguez, LLP
P.O. Box 6369 (78523-6369)
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone: 956-574-9333
FAX: 956-574-9337
Attorney for Enterprise Products Holdings, LLC, and Enterprise Products Co.

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL...……………..……………..ii

TABLE OF CONTENTS…………………………….……….……….iv

INDEX OF AUTHORITIES …………………………….………….v

STATEMENT OF THE CASE……………………………………….2

STANDARD OF REVIEW……...………………………………….3

ISSUE PRESENTED FOR REVIEW …………………………….4

STATEMENT OF FACTS……………………...………………….5

SUMMARY OF ARGUMENT………………………………….6

ARGUMENT …………………………………………………….7

Issue 1. Did defendants have a legal duty to act to prevent Vasquez's death from the dangerous situation on Krueger Road that defendants *themselves* negligently created? ……………………………………………..7

CONCLUSION…….…..………………………………………….10

PRAYER …………………………………………………….11

CERTIFICATE OF SERVICE …………………………………….12

CERTIFICATE OF WORD COUNT COMPLIANCE …………….14

APPENDIX …………………………………………………….15

# INDEX OF AUTHORITIES
## CASES

**Page**

*Abalos v. Oil Development Co. of Texas*,
    544 S.W.2d 627 (Tex. 1976) …………………………………………**9**

*Buchanan v. Rose*,
    159 S.W.2d 109 (Tex. 1942) …………………………………………**9**

*Cactus Drilling Co. v. Williams*,
    525 S.W.2d 902 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.)…**9**

*Chrysler Corp. v. Dallas Power & Light Co*.,
    522 S.W.2d 742 (Tex. Civ. App.—Eastland 1975, writ ref'd n.r.e.)….**9**

*City of Austin v. Liberty Mut. Ins*.,
    431 S.W.3d 817 (Tex. App.—Austin 2014, no pet.) …………………**3**

*Courville v. Home Transportation Co.*,
    497 S.W.2d 788 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.)..**9**

*Dailey v. Thorpe*,
    445 S.W.3d 785 (Tex. App.—Houston [1st Dist.] 2014, no pet.)……**3**

*Dallas Ry. & Terminal Co. v. Archer*,
    167 S.W.2d 290 (Tex. Civ. App.—Dallas 1942, writ ref'd w.o.m.)….**9**

*Devoll v. Demonbreun*,
    2014 Tex. App. LEXIS 13865 at *4
    (Tex. App.—San Antonio December 31, 2014, n.p.h.) ………………**3**

*GoDaddy.com, LLC v. Toups*,
    429 S.W.3d 752 (Tex. App.—Beaumont 2014, pet. denied)…………**3**

*San Benito Bank & Trust Co. v. Travels*,
    31 S.W.3d 312 (Tex. App.—Corpus Christi 2000) …………………..**9**

*SmithKline Beecham Corp. v. Doe*,
    903 S.W.2d 347 (Tex. 1995) ……………………………………**8-9**

*Wooley v. Schaffer*,
    447 S.W.3d 71 (Tex. App.—Houston [14th Dist.]
    2014, pet. filed) ……………………………………………………**3, 7**

# **RULES**

TEX. R. CIV. P. 91a …………………………………………………….**Passim**

# 04-14-00899-CV

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.,**

*Appellant*

v.

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.; ROSETTA RESOURCES OPERATING, LP; VIRTEX HOLDINGS, LLP; VIRTEX OPERATING CO., INC.; ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

*Appellees*

# APPELLANT'S OPENING BRIEF

Appellant **Leticia Zepeda Vasquez** files her opening brief. Appellant will be referred to individually by name, or as "plaintiff," as she was designated below. Appellees **Legend Natural Gas III, LP; Legend Natural Gas, LLC; Lewis Energy Group, LP; Lewis Petro Properties, Inc.; Rosetta Resources Operating, LP; Virtex Holdings, LLP; Virtex Operating Company, Inc.; Enterprise Products Holdings, LLC; Enterprise Products Company;** and **XTO Energy, Inc.,** will be referred to individually by name, or collectively as "defendants," as they were designated below.

1

## STATEMENT OF THE CASE

*Nature of the case.* On July 21, 2014, plaintiff sued the ten defendants for negligence and gross negligence. (CR 5-6.) On October 2, 2014, plaintiff filed her first amended original petition asserting the same claims. (**Tab C**, CR 84-86.) The various defendants generally denied, raised affirmative defenses, and counterclaimed. (CR 8-56.) The defendants' affirmative defenses and counterclaims are not at issue in this appeal.

*Course of proceedings.* No trial was held. Defendants Legend Natural Gas III, LP, and Legend Natural Gas, LLC, filed a motion to dismiss plaintiff's claims Under TEX. R. CIV. P. 91a. (CR 62.) A similar motion was included in the body of the answer filed by defendants Lewis Energy Group, LP, and Lewis Petro Properties. (CR 52-53.) On October 16, 2014, the trial court held an oral hearing on defendants' motions to dismiss.

*Trial court disposition.* The trial court granted defendants' motions to dismiss on November 20, 2014, but failed to dispose of certain other claims. (CR 147-48.) Plaintiff filed a premature notice of appeal. (CR 159.) On January 5, 2015, the trial court entered a final order granting all defendants' motions to dismiss and severing the undisposed claims. (2d SCR 7-8.) (**Tab A**.) On January 29, 2015, plaintiff filed an amended notice of appeal of the new order. (2d SCR 1.)

## STANDARD OF REVIEW

This Court reviews the trial court's dismissal of Vasquez's claims pursuant to TEX. R. CIV. P. 91a *de novo*. ***Devoll v. Demonbreun***, 2014 Tex. App. LEXIS 13865 at \*4 (Tex. App.—San Antonio December 31, 2014, n.p.h.); ***Wooley v. Schaffer***, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. filed); ***Dailey v. Thorpe***, 445 S.W.3d 785, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.); ***City of Austin v. Liberty Mut. Ins.***, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.); ***GoDaddy.com, LLC v. Toups***, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied).

# ISSUE PRESENTED FOR REVIEW

**Issue 1:** Did defendants have a legal duty to act to prevent Vasquez's death from the dangerous situation on Krueger Road that defendants *themselves* negligently created?

## STATEMENT OF FACTS

On August 4, 2012, Jose Vasquez was tragically killed when his vehicle flipped over in an accident that could have been avoided if not for the negligence of defendants. (CR 82.) Vasquez was operating his vehicle on Krueger Road in La Salle County, Texas, when he was blinded by a dust cloud and drove into a ditch. (*Id*.) Once a safe, paved road for the public (CR 83), Kruger Road has now become dangerously dilapidated as a result of defendants' negligent use of the road to operate their oil and gas wells in the area. (CR 81-82.) The road now has potholes, crevices, bumps, and the road has no markings to determine the proper lanes of travel. (CR 83, 85.)

Defendants' negligent operation of their trucks and businesses includes sending hundreds or thousands of trucks every year—some over legal weight limits—driving "recklessly" or at too high a rate of speed down Krueger Road. (CR 83.) Defendants knew that their operations had created the dangerous conditions on Krueger Road that eventually killed Jose Vasquez. (CR 83-85.) Defendants did nothing either to repair Krueger Road or warn others of the dangerous conditions they have negligently created. (CR 83-85.)

## SUMMARY OF THE ARGUMENT

The trial court was bound to take plaintiff's factual allegations pled as true and liberally construe them in her favor. The trial court implicitly found that defendants owed no legal duty to Jose Vasquez when it dismissed his widow's claims under TEX. R. CIV. P. 91a because her claims allegedly had "no basis in law." However, Texas courts have long recognized at least two species of duty when a defendant creates a dangerous condition. If the defendant created the dangerous condition *negligently*, he has a duty to repair it. If the defendant created the dangerous condition without being negligent, he nevertheless still has a duty to warn those who may be injured as a result. The trial court erred when it failed to recognize defendants' duty to repair or to warn Jose Vasquez of the unreasonably dangerous condition their trucks had negligently created.

# ARGUMENT

## Argument and Authorities—Issue 1

**Issue 1:** Did defendants have a legal duty to act to prevent Vasquez's death from the dangerous situation on Krueger Road that defendants *themselves* negligently created?

Yes. However, the trial court implicitly found that there could be no such duty when it dismissed plaintiff's claims pursuant to Rule 91a as having "no basis in law."

Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. In the case at bar, fact issues are not in dispute—the trial court's order is expressly limited to dismissal because the claims allegedly had "no basis in law." (**Tab A**.)

> **A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.**

TEX. R. CIV. P. 91a.1. The trial court must decide a Rule 91a motion to dismiss based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59. TEX. R. CIV. P. 91a.6.

> **In conducting our [Rule 91a] review, … we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings….**

*Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) [emphasis added].

Thus, factual allegations the trial court was obliged to "take as true" and liberally construe in favor of plaintiff included:

(i)      It takes 1200 trucks to bring one oil or gas well into production; (**Tab C**, CR 81)

(ii)     It takes 350 trucks a year to maintain one oil or gas well; (**Tab C**, CR 81)

(iii)    The service life of roads in areas around oil or gas wells is reduced more than 30% per year due to well operations; (**Tab C**, CR 81-82)

(iv)     Defendants knew that La Salle County could not repair Krueger Road as fast as defendants destroyed it; (**Tab C**, CR 82)

(v)      Some of defendants' trucks travelled at an unsafe speed; (**Tab C**, CR 83)

(vi)     Some of defendants' trucks travelled "recklessly;" (**Tab C**, CR 84)

(vii)    Some of defendants' trucks were overweight; (**Tab C**, CR 83, 85)

(viii)   Krueger Road was once a safe, paved road for the public; (**Tab C**, CR 83)

(ix)     Krueger Road is now in a dangerously dilapidated condition, with potholes, crevices, and bumps; (**Tab C**, CR 83, 85)

(x)      Defendants knew they had created Krueger Road's dangerously dilapidated condition; (**Tab C**, CR 83, 85)

(xi)     It was foreseeable that Vasquez (or others) could be injured while in the lawful exercise of his right to drive on Krueger Road; (**Tab C**, CR 83) and

(xii)    Defendants did nothing either to repair Krueger Road or warn others of the dangerous conditions defendants had created there. (**Tab C**, CR 83)

8

Texas courts have long held that if a party creates a dangerous condition, he has a duty to prevent injury to others if it is reasonably foreseeable that others in the exercise of their lawful rights may be injured by the dangerous condition he created. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995); *Buchanan v. Rose*, 159 S.W.2d 109, 110 (1942); *San Benito Bank & Trust Co. v. Travels*, 31 S.W.3d 312, 319 (Tex. App.—Corpus Christi 2000).

> **[I]t may be said generally, on the one hand, that if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.**

*Buchanan*, 159 S.W.2d at 110; *see also Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 632-33 (Tex. 1976); *Cactus Drilling Co. v. Williams*, 525 S.W.2d 902, 911 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.); *Chrysler Corp. v. Dallas Power & Light Co.*, 522 S.W.2d 742, 744 (Tex. Civ. App.—Eastland 1975, writ ref'd n.r.e.); *Courville v. Home Transportation Co.*, 497 S.W.2d 788, 790-91 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.); *Dallas Ry. & Terminal Co. v. Archer*, 167 S.W.2d 290, 293 (Tex. Civ. App.—Dallas 1942, writ ref'd w.o.m.).

Nor does it absolve a defendant of all duty if he creates the dangerous condition on a "public way"—*even if he does so without being negligent*:

> **We think it may also be said that if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences. To illustrate: One who in the exercise of a lawful right, and without negligence on his part, makes an excavation across a street or sidewalk or on his premises in close proximity to a public way, or parks a vehicle in a road, or otherwise obstructs the road with a foreign substance, is bound to give warning of the danger created thereby.**

*Buchanan*, 159 S.W.2d at 110 [citations omitted]. Although the duty may be different—to *warn* others of the dangerous condition as opposed to a duty to *repair* the condition—there is nevertheless still a duty.

Defendants owed the ***Buchanan*** duties to Jose Vasquez. When they breached their duties, defendants caused Jose Vasquez's death.

## CONCLUSION

The trial court was bound to take plaintiff's factual allegations pled as true and liberally construe them in her favor. The trial court implicitly found that defendants owed no legal duty to Jose Vasquez when it dismissed his widow's claims under TEX. R. CIV. P. 91a as having "no basis in law." Because Texas courts have long recognized a duty when a defendant creates a dangerous condition, the trial court erred when it failed to recognize defendants' duty to repair or to warn Jose Vasquez of the unreasonably dangerous condition defendants' trucks had created.

10

## PRAYER

For these reasons, appellant Leticia Zepeda Vasquez prays that the Court reverse the trial court's dismissal of her claims and causes of action against defendants as having "no basis in law," and remand to the trial court for a trial.

Respectfully submitted,

**HANSZEN◆LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
Jeffrey L. Dorrell
State Bar No. 00787386
jdorrell@hanszenlaporte.com
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Telephone: 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR APPELLANT LETICIA ZEPEDA VASQUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on ___3-31___, 2015, a true and correct copy of the foregoing was sent by:

_____ Hand delivery
_____ Certified mail
_____ Telephonic document transfer
__X__ E-service in accordance with TEX. R. APP. P. 9.5(b)

in accordance with TEX. R. APP. P. 9.5(c) to the following counsel of record:

Mr. William A. Abernethy
Donnell, Abernethy & Kieschnick, P.C.
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Telephone: 361-888-5551
**FAX: 361-880-5618**
**COUNSEL FOR DEFENDANT ROSETTA RESOURCES OPERATING, LP.**

Mr. David L. Ortega
Naman Howell Smith & Lee, PLLC
1001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-731-6300
**FAX: 210-785-2953**
**COUNSEL FOR DEFENDANTS LEWIS ENERGY GROUP, LP, and LEWIS PETRO PROPERTIES, INC.**

Mr. Christopher Lowrance
Royston, Rayzor, Vickery & Williams, L.L.P.
802 Carancahua, Suite 1300
Corpus Christi, Texas 78401
Telephone: 361-884-8808
**FAX: 361-884-7261**
**COUNSEL FOR DEFENDANTS VIRTEX OPERATING CO., INC., and VIRTEX HOLDINGS, LLP**

Mr. Isaac J. Huron
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78213
Telephone: 210-822-6666
**FAX: 210-822-1151**
**COUNSEL FOR DEFENDANTS LEGEND NATURAL GAS III, LP,
and LEGEND NATURAL GAS, LLC**

Mr. E. Michael Rodriguez
Atlas, Hall & Rodriguez, L.L.P.
P.O. Box 6369 (78523-6369)
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone: 956-574-9333
**FAX: 956-574-9337**
**COUNSEL FOR DEFENDANTS ENTERPRISE PRODUCTS
HOLDINGS, LLC, and ENTERPRISE PRODUCTS CO.**

Mr. Jose E. Garcia
Garcia & Villareal
4311 N. McColl Road
McAllen, Texas 78504
Telephone: 956-630-0081
**FAX: 956-630-3631**
**COUNSEL FOR DEFENDANT XTO ENERGY, INC.**

/s/ Jeffrey L. Dorrell

**JEFFREY L. DORRELL**

## CERTIFICATE OF WORD COUNT COMPLIANCE

In compliance with TEX. R. APP. P. 9.4, relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this document including footnotes (excluding captions, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 1,343.


/s/ Jeffrey L. Dorrell

**JEFFREY L. DORRELL**

# 04-14-00899-CV

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.,**

*Appellant*

v.

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.; ROSETTA RESOURCES OPERATING, LP; VIRTEX HOLDINGS, LLP; VIRTEX OPERATING CO., INC.; ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

*Appellees*

## APPELLANT'S APPENDIX

### LIST OF DOCUMENTS

1.  January 5, 2015, Order Appealed From ……………………………**Tab A**

2.  TEX. R. CIV. P. 91a. …………..……………………………………**Tab B**

3.  Plaintiff's First Amended Original Petition ..……………………**Tab C**

CAUSE NO. 14-07-00119-CVL

| | | |
|---|---|---|
| LAURA LETICIA ZEPEDA VASQUEZ INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOSE ABRAHAM VASQUEZ, JR. | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| ROSETTA RESOURCES OPERATING, LP, LEWIS ENERGY GROUP, LP, LEWIS PETRO PROPERTIES, INC., LEGEND NATURAL GAS III, LP, LEGEND NATURAL GAS, LLC, VIRTEX HOLDINGS, LLP, VIRTEX OPERATING COMPANY, INC., ENTERPRISE PRODUCTS HOLDINGS LLC, ENTERPRISE PRODUCTS COMPANY and XTO ENERGY INC. | § § § § § § § § § § § | LA SALLE COUNTY, TEXAS  81ST JUDICIAL DISTRICT |

## ORDER GRANTING ALL DEFENDANTS' TRCP 91a
## MOTIONS TO DISMISS

On this the 16th day of October, 2014, the Court considered *Defendants' Legend Natural Gas III, LP and Legend Natural Gas, LLC, Motion to Dismiss* and *Defendants' Lewis Energy Group, LP, and Lewis Petro Properties, Inc., Partial Motion to Dismiss.* The Court having considered the pleadings on file and the arguments of counsel finds that the motions are well taken and should be granted, on the grounds Plaintiff's Cause of Action has no basis in law.

It is therefore ORDERED that Defendants' Legend Natural Gas III, LP and Legend Natural Gas, LLC, Motion to Dismiss and Defendants' Lewis Energy Group, LP, and Lewis Petro Properties, Inc., Partial Motion to Dismiss are hereby GRANTED pursuant to Texas Rule of Civil Procedure 91a on the grounds Plaintiff's Cause of Action against these Defendants has no basis in law. It is further ORDERED that all of Plaintiffs' claims against all remaining Defendants: Rosetta Resources Operating LP, Virtex Holdings, LLP, Virtex Operating Company, Inc., Enterprise Products Holdings LLC, Enterprise Products Company, and XTO Energy Inc., are also

{03056388.DOCX/}

TAB A

DISMISSED pursuant to Texas Rule of Civil Procedure 91a, on the grounds Plaintiff's Cause of Action has no basis in law.

The remaining claim against Defendants' Lewis Energy Group, LP, and Lewis Petro Properties, Inc., is a negligence claim for improperly operating a vehicle at the scene of the accident. This claim is separate and distinct from Defendants' 91a claims and is hereby severed from this action and shall proceed separately and be assigned cause number 14-07-00119-CVL-A. This severed action shall be abated until Plaintiffs' appeal regarding the granting of the 91a motions is resolved.

It is further ORDERED that Defendants' Legend Natural Gas III, LP and Legend Natural Gas, LLC, are awarded costs and attorney fees in the amount of $3,963.00. Additionally, it is ORDERED that Defendants' Lewis Energy Group, LP, and Lewis Petro Properties, Inc., are awarded costs and attorney fees in the amount of $3,000.00.

This Order replaces the previous Order signed on November 20, 2014. As a result of the severance, this is a final, appealable order that disposes of all parties and claims.

SIGNED this ___5___ day of ___January___, 2014.

_____
JUDGE PRESIDING

FILED FOR RECORD
At 2:40 o'clock P. M.

JAN 1 4 2015

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
By:_____Deputy

{03056388.DOCX / }

2

008

APPROVED AS TO FORM ONLY:


HANSZEN LAPORTE LLP
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Tel No.: (713) 522-9444
Fax No.: (713) 524-2580

By: _____
H. Mark Burck
State Bar No. 03362700
Daniel R. Dutko
State Bar No. 24054206

Attorneys for Plaintiff Laura Leticia Zepeda Vasquez
Individually and on Behalf of the Estate of
Jose Abraham Vasquez, Jr.


NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Tel No.: (210) 731-6300
Fax No.: (210) 785-2953

By: _____
David L. Ortega
State Bar No. 00791377
Richard McNitzky
State Bar No. 00788031

Attorneys for Defendants Lewis Energy Group, LP and
Lewis Petro Properties, Inc.


103056JHH.DOCX/ }

3

ROYSTON, RAYZOR, VICKERY
& WILLIAMS, L.L.P.
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
Tel No.: (361) 884-8808
Fax No.: (361) 884-7261

By: _Christopher Lowrance_ ~~w/ permission~~
    Christopher Lowrance          by (cnl)
    State Bar No. 00784502
    Karol S. Purinaga
    State Bar No. 24082156

Attorneys for Defendants Virtex Operating Company, Inc.
and Virtex Holdings, LLP

GARCIA & VILLAREAL
4311 N. McColl Road
McAllen, Texas 78504
Tel No.: (956) 630-0081
Fax No.: (956) 630-3631

By: _Francisco Villareal_ by permission DRN
    Jose E. Garcia
    State Bar No. 0763678
    Francisco R. Villareal
    State Bar No. 00789706

Attorneys for Defendant XTO Energy, Inc.

DONNELL, ABERNETHY
& KIESCHNICK, P.C.
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Tel No.: (361) 888-5551
Fax No.: (361) 880-5618

By: _William Abernethy_ by permission DRN
    William A. Abernethy
    State Bar No. 00809800

{03056388.DOCX / }

4

Attorney for Defendant Rosetta Resources Operating, LP
ATLAS, HALL & RODRIGUEZ
P.O. Box 6369 (78523-6369)
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Tel No.:  (956) 574-9333
Fax No.:  (956) 574-9337


By: _E Michael Rodriguez by Permsin ARD_
E. Michael Rodriguez
State Bar No. 00791553
Erin A. Hudson
State Bar No. 24059978

Attorney for Defendants Enterprise Products Holdings LLC
and Enterprise Products Company


DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78213
TelNo.:  (210) 822-6666
Telecopier No.: (210) 822-1151

By: _____
Isaac J. Huron
State Bar No. 24032447

Attorneys for Defendants Legend Natural Gas III, LP
and Legend Natural Gas, LLC

# RULE 91a.  DISMISSAL OF BASELESS CAUSES OF ACTION

**91a.1**  **Motion and Grounds.**  Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.  A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2**  **Contents of Motion.**  A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

**91a.3**  **Time for Motion and Ruling.**  A motion to dismiss must be:

(a)     filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

(b)     filed at least 21 days before the motion is heard; and

(c)     granted or denied within 45 days after the motion is filed.

**91a.4**  **Time for Response.**  Any response to the motion must be filed no later than 7 days before the date of the hearing.

**91a.5**  **Effect of Nonsuit or Amendment; Withdrawal of Motion.**

(a)     The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b)     If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c)     Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d)     An amended motion filed in accordance with (b) restarts the time periods in this rule.

TAB B

**91a.6** **Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7** **Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

**91a.8** **Effect on Venue and Personal Jurisdiction.** This rule is not an exception to the pleading requirements of Rules 86 and 120a, but a party does not, by filing a motion to dismiss pursuant to this rule or obtaining a ruling on it, waive a special appearance or a motion to transfer venue. By filing a motion to dismiss, a party submits to the Court's jurisdiction only in proceedings on the motion and is bound by the court's ruling, including an award of attorney fees and costs against the party.

**91a.9** **Dismissal Procedure Cumulative.** This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.

Comment to 2013 change: Rule 91a is a new rule implementing section 22.004(g) of the Texas Government Code, which was added in 2011 and calls for rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. A motion to dismiss filed under this rule must be ruled on by the court within 45 days unless the motion, pleading, or cause of action is withdrawn, amended, or nonsuited as specified in 91a.5. If an amended motion is filed in response to an amended cause of action in accordance with 91a.5(b), the court must rule on the motion within 45 days of the filing of the amended motion and the respondent must be given an opportunity to respond to the amended motion. The term "hearing" in the rule includes both submission and an oral hearing. Attorney fees awarded under 91a.7 are limited to those associated with challenged cause of action, including fees for preparing or responding to the motion to dismiss.

CAUSE NO. 14-07-00119-CVL

| | | |
|---|---|---|
| LAURA LETICIA ZEPEDA VASQUEZ INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOSE ABRAHAM VASQUEZ, JR. | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | LA SALLE COUNTY, TEXAS |
| ROSETTA RESOURCES OPERATING, LP, LEWIS ENERGY GROUP, LP, LEWIS PETRO PROPERTIES, INC., LEGEND NATURAL GAS III, LP, LEGEND NATURAL GAS, LLC, VIRTEX HOLDINGS, LLP, VIRTEX OPERATING COMPANY, INC., ENTERPRISE PRODUCTS HOLDINGS, LLC, ENTERPRISE PRODUCTS COMPANY and XTO ENERGY, INC. | § § § § § § § § § § § | 81ST JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

Plaintiffs, Laura Leticia Zepeda Vasquez ("Laura Vasquez") Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr., ("Jose Vasquez") file this First Amended Petition against Defendants Lewis Energy Group, LP, ("Lewis Energy") Lewis Petro Properties, Inc., Rosetta Resources Operating LP, Legend Natural Gas III, LP, Legend Natural Gas, LLC, Virtex Holdings, LLP, Virtex Operating Company, Inc., Enterprise Products Holdings LLC, Enterprise Products Company, and XTO Energy Inc., (collectively all Defendants referred to as "Defendants") and Plaintiffs show the Court as follows:

## 1. PARTIES

1.    Plaintiff, Laura Leticia Zepeda Vasquez is an individual residing in Maverick County, Texas.

079



FILED FOR RECORD
At 2:45 o'c ock P M.

OCT - 2 2014

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
By _____ Deputy

TAB C

2. Defendant Lewis Energy Group, LP., is a Delaware corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

3. Defendant Lewis Energy Group, LP., is a Texase corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

4. Defendant Rosetta Resources Operating LP, is a Delaware corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

5. Defendant, Legend Natural Gas III, LP, is a Delaware corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

6. Defendant Legend Natural Gas, LLC, is a Delaware corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

7. Defendant Virtex Holdings, LLP, is a Texas Corporation and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

8. Defendant Virtex Operating Company, Inc., is a Texas Corporation and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

9.     Defendant Enterprise Products Holdings LLC, is a Delaware corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

10.     Defendant Enterprise Products Company, is a Texas corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

11.     Defendant XTO Energy Inc., is a Delaware corporation with its principle place of business in Texas and has made an appearance in this case. A copy of this Amended Petition is being served on Defendant's counsel of record.

## JURISDICTION AND VENUE

The Court has jurisdiction over this controversy because the damages exceed the minimum jurisdictional limits of the Court.

Venue is proper in La Salle County because the events in this case occurred in La Salle County.

## DISCOVERY CONTROL PLAN

Discovery is to be conducted under Level 3 pursuant to Rule 90 of the Texas Rules of Civil Procedure.

## STATEMENT OF FACTS

Defendants own or operate oil or gas wells in the area around Krueger Road in La Salle County, Texas. Defendants, before they began operating the wells, had knowledge of the following: it takes almost 1,200 loaded trucks to bring one oil or gas well into production; over 350 trucks are required per year for maintenance of an oil or gas well; and almost 1,000 trucks are needed every five years to re-fracture a well. Defendants also knew that the service life of

roads in areas around wells is reduced more than 30 percent a year due to natural gas well operations. Defendants knew that infrastructure costs for counties to repair roads near wells far outpace a county's ability to raise revenue from local property tax, even with the increasing tax base created by the wells.

Every day, Defendants sent, and still sends numerous loaded and unloaded trucks up and down Krueger Road in La Salle County, Texas to operate and service the wells. Defendants, knowing La Salle County could not repair Krueger Road as fast as Defendants destroyed it, created a dangerous condition for all drivers on Krueger Road. Even though Defendants created a dangerous condition, they failed to fix the road, and/or provide any warnings to drivers on Krueger Road.

On August 4, 2012, Jose Vasquez was operating a vehicle on Krueger Road when a cloud of dust caused him to lose sight of the road. The cloud of dust was caused by the dangerous condition of the road and the negligent driving of a Lewis Energy truck travelling immediately in front of Jose Vasquez. Because of the dilapidated and dangerous condition of the road, it was impossible for Jose Vasquez to see where the road was. He drove into a ditch which caused his vehicle to flip over. Jose Vasquez died as a result of the incident.

## CAUSES OF ACTION

For each cause of action following, Plaintiffs hereby adopt, restate and reallege each and every paragraph of the Statement of Facts as if fully and completely set forth herein. Plaintiffs assert the following causes of action:

### Negligent Use and Operation of Vehicles

It has long been recognized by Texas courts that if a party creates a dangerous situation, a duty is imposed upon him to do something about it to prevent injury to others if it reasonably

appears or should appear to him that others in the exercise of their lawful rights may be injured by the dangerous situation he created. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995); *Buchanan v. Rose*, 138 Tex. 390, 159 S.W.2d 109, 110 (1942); *San Benito Bank & Trust Co. v. Travels*, 31 S.W.3d 312 (Tex. App. Corpus Christi 2000). Further, if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences. *Kampmann v. Rothwell*, 101 Texas 535, 109 S.W. 1089; *Roper v. Greenspon*, 272 Mo. 288, 198 S.W. 1107; *Buchanan v. Rose*, 138 Tex. 390, 392 (Tex. 1942).

Every day, Defendants sent, and still send, numerous loaded and unloaded trucks up and down Krueger Road to operate and service the wells. Defendants, knowing La Salle County could not repair Krueger Road as fast as Defendants destroyed it, created a dangerous condition for all drivers on Krueger Road, including Jose Vasquez. Krueger Road was once a safe, paved road for the public. Now, Krueger Road is a dilapidated, dangerous, dirt road with potholes, bumps, crevices and no markings left to determine the proper lanes of travel. The reason Krueger Road is so dangerous is because of the Defendants' actions. Defendants' drivers continually drive down Krueger Road at a high rate of speed, operate heavy and maybe overweight vehicles on Krueger Road, and operate vehicles that Defendants knew Krueger Road could not handle.

Defendants' operation of their vehicles, both negligently and lawfully, created a dangerous condition on Krueger Road. Defendants knew they created a dangerous condition and failed to fix the road, failed to attempt to prevent injuries, and failed to provide any warnings to drivers on Krueger Road, such as Jose Vasquez.

Defendants had a duty to use and operate their vehicles on Krueger Road in a reasonable manner. Defendants breached this duty by negligently using and operating their vehicles on Krueger Road in such a manner as to cause the road to become dangerous. This breach of Defendants' legal duty caused Plaintiffs' injuries and damages.

Lewis Energy negligently operated a vehicle on the day of the incident in a dangerous manner causing a dust cloud. The dust cloud proximately caused Jose Vasquez to drive off of the road and be killed. Specifically, the Lewis Energy truck in front of Jose Vasquez was travelling at a high rate of speed, throwing up dust, and driving recklessly, according to an eyewitness. As a result of this reckless driving, the Lewis Energy truck caused an excessive amount of dust and dirt to obstruct the view of Jose Vasquez. This, along with the road condition, caused Jose Vasquez to crash his vehicle and caused his death.

### Negligent Operation of Business

Defendants made the business decisions to negligently have their vehicles operate on Krueger Road and cause a dangerous condition to third parties. In addition to negligently operating their own vehicles on Krueger Road, Defendants also hired, commissioned, contracted, and required vehicles operated by other companies and individuals to use Krueger Road knowing these vehicles would cause further damage to Krueger Road. Defendants had a duty to operate their business in a way that would not cause injury or death to innocent third parties. Specifically, Defendants knew that Krueger Road was dangerous because their vehicles, as well as the vehicles from the other companies they hired, commissioned, and contracted with, were destroying Krueger Road. Defendants had a duty to fix the roads and adequately warn of the dangerous conditions Defendants created. Defendants' liability arises out of Defendants' business operations.

As set forth above, if a party creates a dangerous situation, a duty is imposed upon him to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured by the dangerous situation he created. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995); *Buchanan v. Rose*, 138 Tex. 390, 159 S.W.2d 109, 110 (1942); *San Benito Bank & Trust Co. v. Travels*, 31 S.W.3d 312 (Tex. App. Corpus Christi 2000). Further, if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences. *Kampmann v. Rothwell*, 101 Texas 535, 109 S.W. 1089; *Roper v. Greenspon*, 272 Mo. 288, 198 S.W. 1107; *Buchanan v. Rose*, 138 Tex. 390, 392 (Tex. 1942).

Defendants' operation of the wells on Krueger Road created a dangerous dirt road with potholes, bumps, crevices and no markings left to determine the proper lanes of travel. The reason Krueger Road is so dangerous is because of the Defendants' actions. Defendants' drivers continually drive down Krueger Road at a high rate of speed, operate heavy and possibly overweight vehicles on Krueger Road, and operate vehicles that Defendants know Krueger Road could not handle.

Defendants' operation of the wells created a dangerous condition on Krueger Road. Defendants knew they created a dangerous condition and failed to fix the road, failed to attempt to prevent injuries, and failed to provide any warnings to drivers on Krueger Road, such as Jose Vasquez.

7

## Gross Negligence

The acts and/or omissions of all Defendants, described above, when viewed from the standpoint of all Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs. All Defendants had actual, subjective awareness of the risks involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others. Therefore, for such gross negligence on behalf of all Defendants, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## DAMAGES

Plaintiffs hereby adopt, restate and reallege each and every paragraph above as if fully set forth herein.

Plaintiff Laura Vasquez is a beneficiary under the Wrongful Death and Survival Act of the State of Texas for the death of Jose Vasquez. Laura Vasquez has sustained damages for loss of society and companionship, loss of inheritance, loss of consortium, and mental anguish as a result of the death of Jose Vasquez. Laura Vasquez seeks punitive damages, exemplary damages, and pre-judgment interest.

Laura Vasquez, on behalf of the Estate of Jose Vasquez, seeks damages for Jose Vasquez's conscious physical pain and mental anguish from the time of the occurrence to his death as a result of the facts alleged herein. Laura Vasquez seeks all damages for the Estate of Jose Vasquez for the reasonable and necessary medical care and expenses of Jose Vasquez's last medical care before he was pronounced dead, and for the costs associated with his funeral and burial.

Plaintiffs seek to recover pre-judgment and post-judgment interest at the statutory rate or at such other rate as is set by this Court. Plaintiffs seek to recover damages not to exceed $20,000,000.

## JURY DEMAND

Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs formally make this demand and application for a jury trial in this lawsuit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs recover of Defendants both actual and exemplary damages, as set forth above, and costs of court, pre-judgment and post-judgment interest, and expenses, and such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

HANSZEN LAPORTE

H. Mark Burck
State Bar No.: 03362700
Daniel R. Dutko
State Bar No.: 24054206
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Telephone: (713) 522-9444
Facsimile: (713) 524-2850

**ATTORNEYS FOR PLAINTIFFS**

9

## CERTIFICATE OF SERVICE

I hereby certify that on the September 30, 2014, a true and correct copy of the foregoing *Plaintiffs' First Amended Petition* was served to all parties by and through their counsel of record, in accordance with the Texas Rules of Civil Procedure, as indicated:

William A. Abernethy
Donnell, Abernethy & Keischnick, PC
555 N. Caranchua, Suite 1770
Corpus Christi, TX 78401-0853
**Via Fax: (361) 880-5618**
**Counsel for Rosetta Resources Operating,**
**LP**

Isaac J. Huron
Celina G. Warren
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., Suite 500
San Antonio, TX 78212
**Via Fax: (210) 822-1151**
**Counsel for Legend Natural Gas III, LP**
**and Legend Natural Gas, LLC**

E. Michael Rodriguez
Erin A. Hudson
Atlas Hall & Rodriguez, LLP
50 W. Morrison Rd., Suite A
Brownsville, TX 78520-7262
**Via Fax: (956) 574-9337**
**Counsel for Enterprise Products Holdings,**
**LLC and Enterprise Products Company**

David L. Ortega
Richard McNitzky
Naman Howell Smith & Lee, PLLC
10001 Reunion Place, Suite 600
San Antonio, TX 78216
**Via Fax: (210) 785-2953**
**Counsel for Lewis Energy Group, L.P.**
**and Lewis Petro Properties, Inc.**

Christopher Lowrance
Karol S. Furmaga
Royston Rayzor Vickery & Williams, LLP
802 N. Carancahua, Suite 1300
Corpus Christi, TX 78401-0021
**Via Fax: (361) 884-7261**
**Counsel for Virtex Holdings, LLP**
**and Virtex Operating Company, Inc.**

Jose E. Garcia
Francisco R. Villareal
Garcia & Villareal, PLLC
4311 North McColl
McAllen, TX 78504
**Via Fax: (956) 630-3631**
**Counsel for XTO Energy, Inc.**

_Daniel R. Dutko_
Daniel R. Dutko

10