

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| KEVIN D. MURRAY, § | | No. 08-18-00187-CV |
| Appellant, § | | Appeal from the |
| v. § | | 109th District Court |
| NABORS WELL SERVICE d/b/a C&J § | | |
| ENERGY SERVICES INC., and § | | of Andrews County, Texas |
| TIMOTHY M. WHITE, § | | (TC# 20,463) |
| Appellees. § | | |

## **O P I N I O N**

Appellant Kevin D. Murray ("Murray") asks this Court to reverse the trial court's order granting summary judgment in favor of Appellees Nabors Well Service d/b/a C&J Energy Services Inc. ("Nabors") and Timothy M. White ("White"). Murray argues that genuine issues of material fact exist regarding whether Nabors and White owed Murray a duty to warn of the presence of a disabled vehicle on the shoulder of a highway on which Murray was traveling; whether White had a duty to warn regarding the presence of the Nabors vehicle after he pulled over to assist Gomez; and whether Nabors and White were negligent per se for violating two sections of the Texas Transportation Code regarding parking on a traveled roadway.

We find no genuine issues of material fact exist pertaining to Murray's claims against Nabors and White and affirm the decision of the trial court granting summary judgment in their favor.

## BACKGROUND

### *Factual Background*

In January 2015, a Dodge Ram pickup truck with attached trailer owned and operated by Martin A. Gomez, Jr. ("Gomez") experienced sudden electrical failure while traveling northbound on FM 181. He pulled the vehicle onto the improved shoulder of FM 181 North. The lights on Gomez's truck and trailer were non-operational due to the electrical failure. It was night and the area was completely dark. At some point after Gomez pulled his vehicle and the attached trailer onto the improved shoulder of FM 181, Timothy M. White ("White"), who was also traveling northbound on FM 181, came upon the area where Gomez's vehicle was disabled. The pickup truck White drove was owned by his employer, Nabors Well Service d/b/a C&J Energy Services Inc. ("Nabors").[1] The area where Gomez pulled his vehicle over was along a flat stretch of roadway. The area is visible to approaching traffic at a distance of approximately one and a half miles. A short distance north of the area where Gomez's vehicle was disabled, the roadway went up a hill. As he approached Gomez, White observed that there were no operational lights or flares on Gomez's vehicle and trailer. Despite it lacking operational lights or flares, White was able to see Gomez's trailer and vehicle as he approached them. Observing Gomez to be a young person

---

[1] The parties do not dispute that White was an employee of Nabors at the time of the accident, and that the truck he was driving was owned by Nabors. There is no discussion in either Murray's Petition or White and Nabors' Amended Motion for Summary Judgment about what theory of liability would be attributable to Nabors under the facts of this case. However, for purposes of this appeal, we will assume that any liability attributed to White would be imputed to Nabors under a theory of respondeat superior. *See Goodyear Tire and Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)(holding an employer vicariously liable for the negligent acts of its employee when such acts occur during the course and scope of the employee's employment).

2

who appeared in need of assistance, White pulled over to help him. After pulling over behind Gomez's trailer and discussing the situation with Gomez, White agreed to help Gomez jumpstart his battery. White got back into the Nabors vehicle, drove to the top of the hill just past Gomez's location, turned around, and parked facing southbound on the east improved shoulder such that the Nabors vehicle and Gomez's vehicle were hood to hood. White testified that he had his flashers on and was facing Gomez's vehicle and trailer. White gave Gomez a flashlight and told him to stand at the rear of the trailer waving the flashlight. White was carrying triangles in the Nabors vehicle but did not use them. After trying unsuccessfully to jumpstart Gomez's truck, White agreed that he would help tow Gomez's vehicle off the road. White got back into the Nabors truck and waited for the oncoming headlights to pass so he could turn his truck around.

As White sat in his truck waiting, another vehicle was traveling northbound on FM 181 toward the area where Gomez and White's vehicles were parked on the east shoulder. That vehicle was operated by James R. Seymour ("Seymour"), and Kevin D. Murray ("Murray") was the front-seat passenger. Murray did not exercise any control over Seymour's vehicle. Murray testified that he was not looking at the roadway; he was looking out his window into the field to his right. As Seymour's vehicle approached the area where Gomez's vehicle was parked on the shoulder, Seymour's vehicle veered outside the lane of travel and onto the improved shoulder and collided with Gomez's trailer. Seymour failed to apply his brakes at any point prior to the collision. The force of the impact pushed Gomez's trailer and truck into White's parked vehicle, which was then pushed backwards approximately thirty feet. A photograph taken after the accident shows Gomez's trailer and the Nabors vehicle partially on the roadway.

### *Procedural History*

3

Murray sued Seymour, Gomez, White, and Nabors for negligence.[2] Against Gomez, White, and Nabors, Murray also alleged negligence per se for violations of Sections 545.301(a) and 545.303(a) of the Texas Transportation Code. The court entered an Order of Dismissal with prejudice as to Seymour on February 2, 2017.

On July 21, 2017, White and Nabors moved for summary judgment for the first time. Their original motion for summary judgment was based on no-evidence and traditional grounds. Murray filed his First Amended Original Petition on September 7, 2017, which contained nearly identical factual allegations and causes of action as those in his Original Petition.[3] The trial court denied White and Nabors' original motion for summary judgment on December 4, 2017.

After conducting further discovery, White and Nabors filed their amended motion for summary judgment (the "Amended Motion") alleging, primarily, they did not owe a duty as a matter of law to warn other drivers on the road, including the driver of the car Murray was riding in, of the presence of the disabled vehicle on the shoulder. They argued that if the trial court determined they owed a duty to Murray, that duty was not breached based on the facts presented in the summary judgment evidence. White and Nabors also argued that Murray could not prove proximate cause since the incident occurred on the shoulder of the road between Seymour's vehicle

---

[2] Although Murray did not explicitly plead premises liability as the basis for his claims against White and Nabors, his allegations that they owed him a duty to warn of a dangerous condition on the shoulder of the roadway implicates premises liability rather than negligent activity. *See, e.g., City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986)(a person who creates a dangerous condition on a public road has a duty to warn the public of the condition); *Strakos v. Gehring*, 360 S.W.2d 787, 795-96 (Tex. 1962). Additionally, there was no activity occurring concurrently at the time of the accident that is alleged to have been the cause of the incident; it was simply the presence of the vehicles on the shoulder of the road that Murray claims constituted a dangerous condition. It is therefore a premises defect case and not a negligent activity case. *See Keetch v. Kroger, Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

[3] Plaintiff's First Amended Original Petition lists Seymour as a defendant in the suit, but acknowledges Seymour's dismissal from the case and states he is no longer pursuing his claims against Seymour.

and Gomez's vehicle. Finally, they argued that no evidence existed to prove they violated Sections 545.301(a) and 545.303(a) of the Texas Transportation Code.

The trial court granted the Amended Motion on October 11, 2018, finding there were no genuine issues of material fact and as a matter of law Murray's claims against White and Nabors were without merit, and dismissed Murray's claims against them with prejudice.

Contemporaneous with the filing of the order granting the Amended Motion, the trial court entered a default judgment against Gomez on October 11, 2018. It thus appears that as of that time, all outstanding parties and claims had been disposed of. Murray filed notice of his appeal on October 25, 2018.

## DISCUSSION

Murray raises two issues on appeal: (1) the trial court erred in granting White and Nabor's Amended Motion because Murray presented sufficient summary judgment evidence to raise a genuine issue of material fact regarding their negligence; and (2) the trial court erred in granting White and Nabor's Amended Motion because Murray presented sufficient summary judgment evidence to raise a genuine issue of material fact regarding their alleged violations of Texas Transportation Code Sections 545.301(a) and 545.303(a).

### *Standard of Review*

We review de novo a trial court's granting of a motion for summary judgment. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). A motion for summary judgment must state specific grounds upon which it is based. *See* TEX.R.CIV.P. 166a(c), (i). When, as here, the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment was sought are meritorious. *Merriman*, 407 S.W.3d at 248.

5

All grounds raised at the trial court level and preserved on appeal are reviewed by the appellate court in the interest of judicial economy. *Neely v. Wilson,* 418 S.W.3d 52, 60 (Tex. 2013).

We must decide the nature of Murray's Amended Motion in order to apply the proper summary judgment standard. *See Rodgers v. Weatherspoon*, 141 S.W.3d 342, 344 (Tex.App.— Dallas 2004, no pet.). The "nature of a motion is determined by its substance," not its title. *In re Brookshire Grocery Co.,* 250 S.W.3d 66, 72 (Tex. 2008). This same is true in determining whether a motion for summary judgment is no-evidence or traditional. *See Rodgers*, 141 S.W.3d at 344 (*citing State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)). When both parties offer evidence at the summary judgment phase, the ultimate question is whether a fact issue exists. *Neely*, 418 S.W.3d at 59.

Although not explicitly titled as such, White and Nabor's Amended Motion purports to be based on the traditional standard by citing to Rule 166a(b). Their arguments concerning duty and proximate cause on Murray's negligence cause of action follows the traditional standard. However, the Amended Motion makes repeated references that Murray has no evidence to support one or more elements of his claim for negligence per se for violations of the Texas Transportation Code. Accordingly, we analyze Murray's negligence claim under a traditional standard, and the negligence per se claims regarding Texas Transportation Code Sections 545.301(a) and 545.303(a) under first a no-evidence and then, if necessary, a traditional standard. *See Cmty. Health Sys. Prof'l Services Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017); *Lightning Oil Co. v. Anadarko E & P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

*Negligence*

A.      **Traditional Motion for Summary Judgment**

6

In a traditional motion for summary judgment, summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a. In deciding whether a genuine issue precludes summary judgment, we must treat all evidence favorable to the non-movant as true and indulge every reasonable inference and resolve all doubts in its favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When a defendant conclusively negates at least one element of the plaintiff's cause of action or conclusively establishes all elements of an affirmative defense, the defendant is entitled to summary judgment. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995). Upon such showing, the non-movant bears the burden to present evidence raising an issue of material fact as to each of the elements challenged. *Rodriguez v. Cemex, Inc.*, 579 S.W.3d 152, 160 (Tex.App.—El Paso 2019, no pet.). The nonmoving party is not required to marshal all its proof in response to a summary judgment motion, but must present evidence that raises a genuine issue of material fact on each of the challenged elements. *Stierwalt v. FFE Transp. Services, Inc.*, 499 S.W.3d 181, 194 (Tex.App.—El Paso 2016, no pet.). If a plaintiff fails to raise a genuine issue of material fact as to any challenged element, the trial court must grant the motion. *See Stierwalt*, 499 S.W.3d at 194.

**B.**    **Summary Judgment Evidence**

As an initial matter, we find it worthwhile to address conflicting evidence offered by Murray in his deposition testimony and subsequent summary judgment affidavit. Plaintiff's deposition testimony on April 25, 2018, was that he was not looking forward in the moments preceding the accident and would not have been able to see whether Gomez's vehicle or Nabors'

7

vehicle had lights, reflectors or other visible warning signs on it. He confirmed that he had no knowledge of whether either vehicle was marked or lighted.

Subsequently, on August 23, 2018, Murray executed an affidavit stating that he had personal knowledge that Gomez's truck did not have any operational lights or other warning signals prior to the incident occurring. He further swore that the vehicle White was driving "had no flag or other signals to warn the oncoming traffic of its presence on the roadway." These statements directly contradict his sworn deposition testimony taken four months earlier where he explicitly stated that he did not have any knowledge of whether either vehicle was lit or marked. It also contradicts White's testimony that the Nabors truck had its hazard flashers on. It is undisputed that Gomez's truck did not have any operational lights at the time of the incident. However, there is evidence that Gomez's trailer had reflective markers on the rear.

Where the content of an affidavit offered as summary judgment evidence contradicts sworn deposition testimony taken previously by the same witness without any explanation, and the affidavit is offered as summary judgment evidence, the affidavit is considered a sham and cannot be used to create a fact issue to defeat summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 88 (Tex. 2018). However, objections to the form or contents of an affidavit as summary judgment evidence must be made in writing and ruled upon by the trial court in order to preserve the issue for appeal. *See* TEX.R.CIV.P. 166a(c).

Although White and Nabors pointed out the contradiction in their reply in support of summary judgment, they did not file written objections to the affidavit or move to strike it from the summary judgment evidence, and the trial court did not enter an order regarding any objections. A review of the clerk's record and the reporter's record from the hearing on the amended motion

8

for summary judgment reveals that White and Nabors filed written objections to the content of Murray's affidavit in response to their first motion for summary judgment, but the court never entered an order ruling on those objections and "overruled" White and Nabors' first motion for summary judgment on December 4, 2017. Accordingly, there is a fact issue as to whether Gomez's trailer had reflective markers, or the hazard flashers were in use on the Nabors truck. Whether that fact issue is a material issue of fact to preclude summary judgment will be addressed subsequently in our opinion.

### C. Legal Duty

In his first issue, Appellant argues that the trial court erred in granting summary judgment because a genuine issue of fact exists regarding whether White and Nabors owed Murray a duty to warn of Nabors' and Gomez's vehicles on the highway shoulder. In a negligence cause of action, duty is a "threshold inquiry" that must be answered at the outset before liability can be imposed. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017). Whether a duty exists is a question of law decided by the court after considering the facts in the case. *See id.*

Murray alleges that White and Nabors owed a duty to Murray to "put[] up a triangle, lights, flagman, and any other communications and notices of a potential danger." This statement implies that White and Nabors owed a duty to warn the public of the presence of not only the Nabors vehicle's presence on the shoulder, but Gomez's disabled vehicle on the shoulder as well. White and Nabors' Amended Motion and Murray's response refer multiple times to White and Nabors' alleged duty to warn regarding the presence of the "vehicles" on the shoulder, presumably referring to both the Nabors truck and Gomez's truck and attached trailer.[4] Accordingly, we

---

[4] Murray's Petition alleges that White had a "duty to give visible signals to warn oncoming traffic" of the presence of the truck-trailer. It also alleges that White "was negligent in failing to flag or otherwise warn oncoming traffic of the

9

address only whether White and Nabors owed Murray, a member of the general public, a duty to warn of the two vehicles on the shoulder.

In considering whether a duty should be imposed on a defendant, a court considers a number of factors including "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant."  [Internal quotations omitted]. *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003).  A defendant assumes a duty of care to a plaintiff to warn of and remedy any dangerous condition he creates. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995); *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942).  However, where a bystander did not create the situation that caused the incident, the bystander is not obligated as a matter of law to undertake any action to prevent injury to others, even when he or she is aware of the risk.  *See Buchanan*, 159 S.W.2d at 110.

We look first at what unreasonably dangerous condition allegedly caused the accident to determine whether White or Nabors created it.  Murray alleges that, despite being located on the shoulder, both Gomez's truck and trailer and the Nabors truck constituted dangerous conditions because neither was marked or readily visible.  There is no disagreement that the vehicle in which Murray was a passenger veered off the road and onto the shoulder in the instant preceding the incident.  There is also no disagreement that the vehicle Murray rode in struck only Gomez's trailer, and at no point made any contact with the Nabors truck.  There is thus no reasonable inference we can draw that would lead to concluding the Nabors truck was the alleged dangerous condition since it played no role in either the occurrence of the accident nor the injuries to Murray.

presence of [the Nabors vehicle] on the roadway and creates [sic] a dangerous condition on highway."

We thus proceed in our duty analysis operating under the only reasonable factual inference we can draw from Murray's allegations and the summary judgment evidence—that Gomez's vehicle, not the Nabors truck driven by White, constituted the alleged unreasonably dangerous condition.[5]

Neither White nor Nabors played any role in causing Gomez's vehicle to become disabled on the shoulder of the road and thus create the allegedly dangerous condition. Gomez's vehicle became disabled and Gomez pulled it onto the shoulder at some point before White came upon Gomez's location. Thus, it appears White was simply a bystander who had no duty to undertake any action to prevent the incident from occurring. *See Buchanan*, 159 S.W.2d at 110.

We must consider whether White's decision to pull over and assist Gomez imposed upon him some duty to act. Once a third party, although not legally obligated to do so, undertakes a course of action in another's interest, he then assumes a duty to act and do so with reasonable care. *See Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)(*citing Colonial Savings Ass'n v. Taylor*, 544 S.W.2d 116, 119-20 (Tex. 1976)). This tenet of law adopted by the courts in Texas is based upon the Second Restatement of Torts, Sections 323 and 324A. *See Colonial Sav. Ass'n*, 544 S.W.2d at 119-20 (discussing Section 323); *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395-96 (Tex. 1991)(discussing Section 324A). Section 323 states that one who undertakes the rendition of services necessary to protect the other's person or things may be liable for resulting physical harm from a failure to exercise reasonable care to perform those services, if (a) the failure to exercise reasonable care increases the risk of harm, or (b) the harm is suffered because the other relied upon the defendant's undertaking of the services. RESTATEMENT (SECOND) OF TORTS § 323 (Am. Law Inst. 1965). Section 324A states that a defendant

---

[5] We make no finding on whether the presence of Gomez's truck and trailer on the shoulder of the highway constituted an unreasonably dangerous condition as a matter of law.

11

undertaking to render services to another that the defendant should recognize as necessary to protect a third person or the third person's things is liable to the third person for physical injury for failing to exercise reasonable care if (a) the risk of harm to the third person is increased, or (b) the defendant undertakes to perform a duty owed by the assisted person to the third person, or (c) the third person is harmed because he relied upon the defendant's undertaking. *See* RESTATEMENT (SECOND) OF TORTS § 324A (Am. Law Inst. 1965); *see also Golden Spread Council, Inc. No. 562 of Boy Scouts of America v. Akins*, 926 S.W.2d 287, 291 (Tex. 1996)(stating that persons have a duty to avoid undertaking an action that might worsen a situation or increase the risk of harm to others).

The facts of this case do not support a claim for negligent undertaking. Murray's pleading makes no reference to negligent undertaking explicitly or impliedly. Additionally, we are not convinced that offering to assist a person whose vehicle is disabled outside of the lane of travel is considered undertaking services "necessary for the protection of [another's] person or things" as set forth in the Restatement as much as it is a kind deed to lessen the inconvenience of a stranded motorist. *See Colonial Sav. Ass'n*, 544 S.W.2d at 120 (citing RESTATEMENT (SECOND) OF TORTS § 323 (Am. Law Inst. 1965)). Texas law is clear that to succeed in a negligent undertaking claim, the services the defendant undertakes to perform are for the benefit of the plaintiff, whether the plaintiff is the person being assisted or a third party. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000); *Sbrusch*, 818 S.W.2d at 395-96. There is no evidence that White sought to assist Gomez in jumping his vehicle for the benefit of Murray. The evidence instead shows that White pulled over to assist Gomez because he was a "kid" who appeared in need of help, and

12

White was worried after he observed Gomez walking between his vehicle and the solid white lane marker on the right shoulder, instead of on the side of his truck further away from traffic.

There is likewise no evidence that White's assistance to Gomez increased the likelihood of harm to Murray. Gomez's vehicle and trailer were in an identical state after White tried to help when the incident occurred as they were before White pulled over. If, as Murray alleges in his affidavit, neither Gomez's truck nor trailer had any operational lights or other warning signal to notify approaching motorists of its presence on the shoulder, then White's presence on the shoulder in the Nabors truck in front of Gomez's vehicle neither worsened nor bettered visibility of Gomez's truck to others on the road. There is no evidence that White undertook any duty owed by Gomez to Murray because at the time of the accident, White merely sought to assist Gomez in getting his vehicle operational, which is not a duty that Gomez owed to Murray as a member of the public. Finally, there is no evidence that Murray's injuries resulted from his reliance upon White's assistance to Gomez. Murray testified at his deposition that he did not have any knowledge that any vehicles were present on the shoulder prior to the incident. Accordingly, there is no evidence suggesting Murray knew White was trying to help Gomez restart his vehicle or that his reliance on that fact resulted in his injuries. We therefore find no basis to impose a duty on White or Nabors under a negligent undertaking cause of action.

Finally, we consider the "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant" to determine whether there is any other basis to impute a duty to White to warn of Gomez's truck and trailer. [Internal quotations omitted]. *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003).

13

Foreseeability of the risk is the primary factor to consider. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Harm is foreseeable if a person with average intelligence should have appreciated the danger created by the act complained of. *See Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018).

Driving at night in the dark on remote Texas highways carries a certain inherent risk. When a vehicle becomes disabled, even when pulled completely off the roadway as was the case here, the risk to the occupants of that vehicle increases. It is foreseeable that inattentive, impaired, or otherwise unwary drivers could drift off the roadway and strike a vehicle on the shoulder. However, the risk is the driver traveling outside of the roadway, not the presence of a vehicle on the side of the road, whether lit or unlit. Absent the negligence or recklessness of another--or a wholly unforeseeable act of God--a stranded motorist outside the lane of travel would remain safe from most forms of peril presented by the traveled roadway. However, the risk posed to stranded operators would only increase if courts began imposing liability on benevolent persons who, without creating or exacerbating the conditions leading to an accident, sought to assist those in need.

There is little doubt that if White had carried on his way and not stopped to assist Gomez, neither he nor his employer would be named in this lawsuit. Indeed, White testified that he witnessed at least two other vehicles pass Gomez's stalled truck who did not stop and assist, and neither was made a party to Murray's lawsuit. Texas law would not impute any duty to White or Nabors to warn other motorists of the presence of Gomez's truck on the shoulder simply because he was aware of the potential danger posed by it being there. *See Buchanan*, 159 S.W.2d at 110. Murray would have us place a duty on White and his employer to warn of a condition he neither

14

created nor worsened, when he did not undertake to assume any such duty, simply because he chose to help a person in need. We decline to do so.

As it pertains to Murray's allegations that White owed a duty to warn of the presence of the Nabors vehicle on the shoulder of the road, there may be some factual circumstances that would warrant such a finding. *See Reinicke v. Aeroground, Inc.*, 167 S.W.3d 385, 388 (Tex.App.—Houston [14th Dist.] 2005, pet. denied)(discussing statutory duty to warn regarding disabled commercial vehicles). As previously discussed, there is no reasonable inference to be made from the facts in this case that the Nabors vehicle was the dangerous condition that allegedly caused the incident to occur. We are not aware of any case law in Texas or any other jurisdiction that imposes a duty on a person to warn about a benign condition that plays no role in an accident. However, without deciding whether White owed a duty to warn the public of the Nabors vehicles' presence on the shoulder, we find that the Nabors vehicle's location was not the proximate cause of the incident and thus any duty White may have had to warn of its location is rendered inconsequential.

We make no determination as to whether Gomez's truck and trailer constituted an unreasonably dangerous condition, nor do we make any finding as to the proximate cause of the accident that resulted in Murray's injuries. We find only that (1) White did not owe a duty to warn Murray or anyone else of the presence of Gomez's vehicle on the roadway, and (2) even if White owed a duty to warn regarding his own vehicle, the alleged breach of that duty is immaterial because White's vehicle was not the condition that made the accident possible. The factual dispute over whether the Nabors truck used flashers to alert of its location is not a material fact issue since we find any failure on White's part to be inconsequential in causing the incident. The

trial court properly granted summary judgment against Murray on his claims for negligence against White and Nabors because there is no material issue of fact to preclude summary judgment. We therefore overrule Appellant's fist issue.

### *Negligence Per Se*

**A.      No-Evidence Summary Judgment**

A no-evidence motion for summary judgment asserts there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX.R.CIV.P. 166a(i); *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex. 2009). When (1) there is a complete lack of evidence of a vital fact, (2) the court is barred from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered by the nonmovant to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact, a court should grant a no-evidence motion for summary judgment. *See City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex. 2005). A no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to the challenged cause of action. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). When the evidence exceeds the level at which reasonable persons could arrive at differing conclusions, more than a scintilla of evidence exists.

In his second issue, Murray argues the trial court erred in finding no genuine issues of material fact exist regarding White and Nabors' alleged violations of the Texas Transportation Code. Murray alleges that White and Nabors violated Sections 545.301(a) and 545.303(a) of the Texas Transportation Code and that such violations proximately caused the injuries suffered by Murray. Although he does not plead so explicitly, we construe Murray's pleadings to mean that

16

liability should be imposed to White and Nabors under a negligence per se theory for violation of the referenced statutes.

Negligence per se is proven by showing, among other things, that the defendant violated a statute for which tort liability may be imposed, without excuse, and that the act in violation of the statute proximately caused the plaintiff's injury. *See Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998).

**B.      Texas Transportation Code Section 545.301(a)**

Section 545.301(a) of the Texas Transportation Code reads,

> An operator may not stop, park, or leave standing an attended or unattended vehicle on the main traveled part of a highway outside a business or residence district unless:
>
> (1) stopping, parking, or leaving the vehicle off the main traveled part of the highway is not practicable;
>
> (2) a width of highway beside the vehicle is unobstructed and open for the passage of other vehicles; and
>
> (3) the vehicle is in clear view for at least 200 feet in each direction on the highway.

TEX.TRANSP.CODE ANN. § 545.301(a).

We find there is no evidence to suggest that White and Nabors violated Section 545.301(a) of the Texas Transportation Code.   Although a photograph from the scene after the incident shows that a portion of the Nabors truck is in the traveled lane of the highway, White's uncontroverted testimony is that he pulled completely off the traveled roadway and onto the shoulder of the road to assist Gomez prior to the incident occurring.   This testimony is corroborated by the narrative in the police report on the accident.   White also testified that the force of Seymour's vehicle impacting Gomez's trailer pushed Gomez's truck into the Nabors truck and moved the vehicle backwards approximately thirty feet.

17

Furthermore, even if White violated Section 545.301(a), there is no evidence of proximate cause, which is a requirement to succeed in a claim of negligence per se. *See Mo. Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex. 1977). Since Seymour's vehicle did not make contact with the Nabors truck and, rather, traveled outside the designated lane of travel onto the shoulder of the road and struck Gomez's trailer, we find there is no evidence that any alleged violation of Section 545.301(a) by White caused or contributed in any way to the accident occurring. We find there is no evidence of a violation of the statute in question or proximate cause, and affirm summary judgment in favor of White and Nabors on this claim.

## C. Texas Transportation Code Section 545.303(a)

Section 545.303(a) of the Texas Transportation Code states, "[a]n operator who stops or parks on a two-way roadway shall do so with the right-hand wheels of the vehicle parallel to and within 18 inches of the right-hand curb or edge of the roadway." TEX.TRANSP.CODE ANN. § 545.303(a). As discussed at length previously, there is no evidence that White parked on the traveled portion of the roadway of FM 181 at all, let alone in violation of Section 545.303(a). If he had parked on the roadway in accordance with this section, he would have been completely blocking the lane of travel which undoubtedly would have been more dangerous than his actual location on the shoulder of the road. Moreover, regardless of how the Nabors vehicle was positioned on the roadway or the shoulder, it was not a factor in causing the incident between Seymour's vehicle and Gomez's trailer. Thus, to the extent there was any violation of Section 545.303(a), Murray cannot and has not shown that such violation, if any, proximately caused the accident. We find there is no evidence of a violation of the statute in question or proximate cause

18

and affirm summary judgment in favor of White and Nabors on this claim. We therefore overrule Appellant's second issue.

## CONCLUSION

There is no legal basis to impute a duty to warn on a bystander who did not create the condition that contributed to the accident, did not exacerbate that condition, did not agree to assume a duty owed by the person who did create the condition, and in no way caused or contributed to causing the accident that forms the basis of the suit. White and Nabors did not owe a duty to warn the public about the presence of Gomez's truck or trailer on the shoulder. Furthermore, without deciding whether White and Nabors owed a duty to warn regarding the presence of the Nabors vehicle on the shoulder, any alleged breach of that duty is immaterial because the Nabors vehicle was a benign condition that did not contribute to causing the incident. We find that White and Nabors did not undertake a duty to third persons to warn about the presence of Gomez's truck and trailer by agreeing to assist Gomez in restarting his vehicle. We find that there is no issue of material fact concerning Murray's claim of negligence and summary judgment was properly rendered in favor of White and Nabors.

We further find that there is no evidence that White and Nabors violated either Section 545.301(a) or 545.303(a) of the Texas Transportation Code; and, even if such violation occurred, it did not proximately cause the accident that injured Murray. Therefore, summary judgment was properly rendered on Murray's claims of negligence per se.

Having overruled both of Appellant's issues on appeal, we affirm the judgment of the trial court.

19

January 24, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.